Branam J. TALLEY, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–419.

United States Court of Veterans Appeals.

Submitted May 15, 1991.

Decided April 6, 1992.

Clark E. Johnson, Jr., Albertville, Ala., was on the brief, for appellant.

Robert L. Nelson and Michael P. Horan, Washington, D.C., filed a brief, for amicus curiae Paralyzed Veterans of America.

Rick Surratt (non-attorney practitioner), filed a brief, for amicus curiae Disabled American Veterans.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, D.C., were on the brief, for appellee.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

STEINBERG, Associate Judge:

The appellant, veteran Branam J. Talley, seeks review of a January 23, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied him a permanent and total disability evaluation for pension purposes. Three issues are presented: (1) whether the Secretary of Veterans Affairs (Secretary) has statutory authority to prescribe regulations establishing criteria for determining eligibility based on a combination of subjective and objective standards; (2) if so, whether or not the specific regulations at issue in this case are consistent with the statute; and (3) whether the BVA decision in this case, whatever the standard, should be affirmed. We hold that the Secretary has authority to prescribe a combination of objective and subjective standards in determining pension eligibility and that the specific regulations at issue in this case are consistent with the statute. However, we vacate the Board's decision here and remand for readjudication and a decision which complies with the "reasons or bases" requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). See Gilbert v. Derwinski, 1 Vet.App. 49, 56–57 (1990).

## I. FACTS

The appellant served in the United States Army from October 1946 to February 1948. In April 1988, he filed with the Veterans' Administration (now Department of Veterans Affairs) (VA) an application for compensation or pension. R. at 3. In the application, the veteran stated that he had a sixth grade education, experience working on automatic doors, and training in automobile mechanics and farming. He had last worked in 1983. A private doctor's report was also submitted which gave appellant diagnoses of hypertensive vascular disease, bleeding ulcer, and chest pain. His prognosis was said to be "fair". R. at 2.

In June 1988, a VA physical examination was conducted. The claim had been determined to be a claim for pension rather than a claim for compensation for service-connected disabilities. The VA Regional Office (VARO) denied the claim for pension, stating: "Findings do not indicate that the veteran's disabilities are so severe as to preclude substantially gainful employment. 38 CFR 3.321(b)(2) considered." R. at 19. Appellant was rated at 40% disabled from his non-service-connected disabilities.

The veteran filed a Notice of Disagreement. In his VA Form 1–9, he stated: "I am taking several types of medication at this time, just to make it from day to day.... I ask you, 'How could a person hold a job with all these problems [chest pain, headaches, back pain, peptic ulcer, shortness of breath, nausea, vomiting, bleeding from the GI tract, neck pain, numbness of hands and feet], especially when he is taking so much medication?'" R. at 26. A doctor's statement was attached which stated that the veteran's prognosis was "[f]air with diet, exercise cessation, medical [prescriptions;] p[atien]t unable to work presently". R. at 27.

The Board issued a decision on January 23, 1990, which concluded:

Although the veteran's disabilities may preclude him from performing strenuous manual labor or from working in a highly stressful environment, we cannot reasonably conclude that his disabilities are sufficiently severe so as to preclude him from engaging in all types of substantially gainful employment, consistent with his age, education, and employment background.

*Branam J. Talley*, BVA 90–01658, at 4 (Jan. 23, 1990). The Board went on to find that "[t]he veteran's principal disabilities are arteriosclerotic heart disease by history, duodenal ulcer and hypertension. The veteran's disabilities are controlled by medication and do not preclude all gainful work." *Id.* at 4–5.

## II. ANALYSIS

### A. *Applicable Law and Regulation*

The statutory entitlement to a pension based upon permanent and total non-ser-

vice-connected disability is provided by 38 U.S.C. § 1521 (formerly § 521). This operative provision provides in pertinent part:

**38 U.S.C. § 1521. Veterans of a period of war**

(a) The [Secretary] **shall pay to each veteran** of a period of war who meets the service requirements of this section ... and **who is permanently and totally disabled** from non-service-connected disability not the result of the veteran's willful misconduct, pension at the rate prescribed by this section....

(Emphasis added.)

This provision is supplemented by 38 U.S.C. § 1502(a), delineating certain circumstances in which a veteran will be "considered to be permanently and totally disabled". The previous version of the predecessor section, § 502(a), since redesignated § 1502(a), was applicable to all claims filed prior to November 1, 1990, including the claim here on appeal. It provided:

(a) For the purposes of this chapter, a person shall be considered to be permanently and totally disabled if such person is sixty-five years of age or older or became unemployable after age 65, or suffering from—

(1) any disability which is sufficient to render it impossible for the **average person** to follow a substantially gainful occupation, but only if it is reasonably certain that such disability will continue throughout the life of the disabled person; or

(2) any disease or disorder determined by the Secretary to be of such a nature or extent as to justify a determination that **persons suffering therefrom** are permanently and totally disabled.

(Emphasis added.) (In order to provide a complete statutory context, we set forth clause (2) above but note that, although it is of an objective nature, it is not involved in this case and is not hereafter discussed.) Pursuant to a provision of Public Law 101–508, applicable to claims filed after October 31, 1990, the preambulatory clause was amended to read:

(a) For the purposes of this chapter, a person shall be considered to be permanently and totally disabled if such person is unemployable as a result of disability reasonably certain to continue throughout the life of the disabled person, or is suffering from—

Omnibus Budget Reconciliation Act of 1990 (OBRA), Pub.L. 101–508, § 8002(a), (b), 104 Stat. 1388, 1388–342 (Nov. 5, 1990). Clauses (1) and (2) were unchanged.

These statutory provisions are implemented by a number of VA regulations. These regulations provide in pertinent part:

### § 4.15  Total disability ratings.

The ability to overcome the handicap of disability varies widely among individuals. The rating, however, is based **primarily upon the average impairment in earning capacity,** that is, upon the economic or industrial handicap which must be overcome and **not from individual success in overcoming it.** However, **full consideration must be given to unusual physical or mental effects in individual cases,** to peculiar effects of occupational activities, to defects in physical or mental endowment preventing the usual amount of success in overcoming the handicap of disability and to the effect of combinations of disability. **Total disability will be considered to exist when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation;** *Provided,* That permanent total disability shall be taken to exist when the impairment is reasonably certain to continue throughout the life of the disabled person....

38 C.F.R. § 4.15 (1991) (boldface italics added). (Similar regulatory provisions are set forth in 38 C.F.R. §§ 3.342(b), 3.340(a)(1), (b) (1991).) Section 4.15 contains a combination of objective ("average person") standards (second and fourth sentences) and subjective ("individual cases") standards (third and fourth (proviso) sentences) for determining pension eligibility.

### § 4.17  Total disability ratings for pension based on unemployability and age of the individual.

All veterans who are basically eligible and who are unable to secure and follow a substantially gainful occupation by reason of disabilities which are likely to be permanent shall be rated as permanently and totally disabled. For the purpose of pension, the permanence of the percentage requirements of § 4.16 is a requisite. The percentage requirements, however, are reduced on the attainment of age 55 to a 60 percent rating for one or more disabilities, with no percentage requirements for any one disability. The requirement at age 60 through 64 will be a 50 percent rating for one or more disabilities.... When the reduced percentage requirements are met, and the disabilities involved are of a permanent nature, a rating of permanent and total disability will be assigned if *the veteran is found to be unable to secure and follow substantially gainful employment by reason of such disability.*

. . . .

(b) Claims of all veterans who fail to meet the percentage standards but who meet the basic entitlement criteria and are unemployable, will be referred by the rating board to the Adjudication Officer under § 3.321(b)(2) of this chapter.

38 C.F.R. § 4.17 (1991) (boldface italics added). Section 4.17(a) sets forth objective criteria that are more specific as to disability than section 4.15, tempered by a subjective standard as to unemployability.

### § 3.321  General Rating Considerations.

.    .    .    .    .

(b) *Exceptional Cases—*

.    .    .    .    .

(2) *Pension.* Where the evidence of record establishes that an applicant for pension who is basically eligible fails to meet the disability requirements based on the percentage standards of the rating schedule *but is found to be unemployable by reason of his or her disability(ies), age, occupational background and other related factors,* the following are

authorized to approve on an extra-schedular basis a permanent and total disability rating for pension purposes: the Adjudication Officer; or where regular schedular standards are met as of the date of the rating decision, the rating board.

38 C.F.R. § 3.321 (1991) (boldface italics added). Section 3.321(b)(2) sets forth a purely subjective standard for determining pension eligibility based on the individual veteran's unemployability.

### B. Statutory Authority to Prescribe Regulations with Subjective As Well As Objective Standards

■ We turn, first, to the question whether the Secretary has statutory authority to prescribe regulations establishing criteria for determining VA pension eligibility based on a combination of subjective and objective standards. We have previously described the VA regulatory provisions which relate to unemployability and total disability for purposes of disability compensation as a "confusing tapestry." *Hatlestad v. Derwinski*, 1 Vet.App. 164, 167 (1991). "The regulations ... are in some respects duplicative and in others apparently conflicting as to whether an objective ('average person') or subjective ('the veteran') standard applies in determining unemployability in a particular case and whether the term 'unemployability' is interchangeable with the concept of inability to follow a 'substantially gainful occupation'." *Id.* We find that the same characterizations apply equally to VA regulations relating to unemployability and total disability for pension purposes.

"The Court of Veterans Appeals ... shall hold unlawful and set aside ... regulations issued and adopted by the Secretary, the Board of Veterans' Appeals, or the Chairman of the Board found to be ... in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right." 38 U.S.C. § 7261(a)(3)(C) (formerly § 4061(a)(3)(C)). "Where a statute's language is plain, and its meaning clear, no room exists for construction." *Gardner v. Derwinski*, 1 Vet.App. 584, 587–88 (1991). *See also Garcia v. United States*, 469 U.S.

70, 73–75, 105 S.Ct. 479, 481–482, 83 L.Ed.2d 472 (1984); *Edwards v. Valdez*, 789 F.2d 1477, 1481 (10th Cir.1986) ("[A]bsent ambiguity or irrational result, the literal language of a statute controls."). *But see U.S. v. Perdue Farms*, 680 F.2d 277, 280 (2d Cir.1982) ("[B]ecause the chosen words are not in all instances a reliable indicator of Congress' intent, [a court] may look to the legislative history of the enactment to determine whether literal application of the statute would 'pervert its manifest purpose.'") (quoting *In Re Adamo*, 619 F.2d 216, 222 (2d Cir.), *cert. denied*, 449 U.S. 843, 101 S.Ct. 125, 66 L.Ed.2d 52 (1980)). "Only the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the 'plain meaning' of the statutory language." *Garcia*, 469 U.S. at 75, 105 S.Ct. at 482. "[E]ach part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole." 2A N. Singer, *Sutherland on Statutory Construction* § 46.05 (4th ed. 1984). *See also Oakley v. City of Longmont*, 890 F.2d 1128, 1132–33 (10th Cir.1989).

Here, we find that section 1521(a)'s "language is plain, and its meaning clear...." *Gardner*, 1 Vet.App. at 587. The pertinent part of 38 U.S.C. § 1521(a) is: "The Secretary shall pay to *each veteran ... who is permanently and totally disabled....*" (Emphasis added.) Clearly, the plain language of § 1521(a) requires that an individual veteran who is determined to be actually "permanently and totally disabled" be awarded pension if the other statutory eligibility criteria regarding war service and income are satisfied. Thus, in view of this direction in § 1521(a), the Secretary's authority in 38 U.S.C. § 501(a) (formerly contained in § 210(c)(1)) to "prescribe ... regulations ... consistent with" the authorizing laws allows the Secretary to prescribe regulations providing for determinations of permanent and total disability based in whole or in part upon subjective criteria. *See* S.Rep. No. 604, 98th Cong., 2d Sess. 47, reprinted in 1984 U.S.Code Cong. & Admin.News 4479, 4511 ("as under the ser-

vice-connected disability compensation program ..., the determination of total disability based on unemployability [for pension purposes] can be subjective ...").

The argument against the validity of such subjective criteria would be that 38 U.S.C. § 1502(a), which at the time relevant to this claim provided for determinations based upon objective criteria (with one exception not here relevant, relating to veterans over age 65)—and arguably upon only such criteria—established the exclusive bases for findings of permanent and total disability, and thus precluded regulations based upon subjective criteria. We reject this argument. The provisions of § 1502(a) provide for certain disabilities to be conclusively presumed to be permanently and totally disabling for pension purposes. Hence, those provisions do not by their terms supplant the general authority in § 1521(a), which provides for the payment of pension to an individual veteran determined to be permanently and totally disabled based upon subjective factors applicable to that veteran.

Further, although it is not necessary to go beyond the plain language of 38 U.S.C. §§ 1521(a) and 1502(a)(1), there is no indication in the legislative history that the pertinent regulations are contrary to Congressional intent with regard to VA pension. Indeed, there is some legislative history supportive of the regulatory scheme. *Ibid.*

In summary, section 1521(a) requires the Secretary to pay pension benefits to a veteran who "is permanently and totally disabled". The Secretary has authority under section 501(a) to prescribe regulations for determining when a veteran actually "is" permanently and totally disabled, and such regulations prescribing subjective criteria are "consistent with" section 1521(a). In addition, pre–1990 section 1502(a) specifies circumstances based upon objective criteria (with one non-relevant exception) in which a veteran will be "considered" (that is, conclusively presumed) to be permanently and totally disabled. Accordingly, the direction in section 1521(a) to make determinations of permanent and total disability based on subjective criteria is not limited by the addition in old section 1502(a) of circumstances (legal presumptions) in which the requirement of permanent and total disability is satisfied when a particular veteran's circumstances meet objective criteria.

Based on the foregoing analysis and following well-established principles of statutory construction, we hold that the Secretary's promulgation of the regulations regarding VA pension eligibility with a combination of objective and subjective standards is "consistent with" 38 U.S.C. §§ 1521(a), 1502(a)(1).

### C. Interpretation of Current Regulations in the Context of the Statutory Provisions

■ Having held that the statutory scheme does not preclude the issuance of regulations with a mixture of subjective and objective criteria for VA pension eligibility does not end our task. Next we must determine how the specific regulations work together in the context of their underlying statutory authority. Just as a statute should be construed so as to sustain its constitutionality, *see Boos v. Barry*, 485 U.S. 312, 330–31, 108 S.Ct. 1157, 1168–69, 99 L.Ed.2d 333 (1988); *Morrison v. Olson*, 487 U.S. 654, 682, 108 S.Ct. 2597, 2614, 101 L.Ed.2d 569 (1988), so should regulations be construed so as to harmonize them with the authorizing law. Here that may require some judicial embroidery on the regulatory tapestry.

■ Section 4.15 of the regulations, in establishing general policies for determining total disability ratings (for both service-connected-disability compensation and non-service-connected-disability pension purposes) establishes the objective standard of average impairment in earning capacity—that "impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation". As to pension eligibility, this regulatory standard derives directly from the statutory presumption in 38 U.S.C. § 1502(a)(1), including the regulatory proviso that "permanent and total disability shall be taken to exist when the impairment is reasonably certain to contin-

ue throughout the life of the disabled person." If this objective standard is met, pension entitlement is established. The regulations properly permit a veteran to qualify for VA pension if his or her disability is sufficiently disabling to be permanently and totally disabling for the **average** person but, due to extraordinary perserverence or skill, not for that particular veteran (§ 4.15—rating "is based primarily upon the average impairment in earning capacity ... and not ... individual success in overcoming [the impairment]").

Concomitantly, § 4.17 and § 3.321(b)(2), taken together, carry out the subjective standard mandate of section 1521(a) by providing pension eligibility for a veteran whose disability does not meet the objective criteria but which for that particular veteran is so incapacitating as to preclude a substantially gainful occupation (§ 4.15 ("full consideration must be given to unusual physical or mental effects in individual cases"); § 4.17(b) (rate veterans under § 3.321(b) "who fail to meet the percentage standards but who meet the basic entitlement criteria"); and § 3.321(b)(2) (veteran who fails to meet percentage disability requirements of rating schedule "but is found to be unemployable by reason of his or her disability(ies), age, occupation background and other related factors" to receive extra-schedular rating through a special procedure)). As made clear by § 4.17(b), paragraph (a) of § 4.17 and § 3.321(b)(2) must be read together in order to be valid exercises of regulatory authority pursuant to sections 1521(a), 1502(a)(1), and 501(a) of the statute. The procedural provision in § 3.321(b)(2) requiring that pension be awarded, only by certain persons in accordance with certain processes, to a veteran meeting subjective criteria but not objective criteria is a legitimate exercise of the Secretary's section 501(a) regulation-writing authority to establish reasonable procedures for the exercise of statutory authorities.

The above analysis applies equally to the post–1990–OBRA § 1502(a). Indeed, the 1990 revision of the § 1521(a) preambulatory language explicitly mixes together the subjective criterion of individual unemploy-

ability with clause (1)'s "average person" objective standard of permanent and total disability based on unemployability.

Having said this, we return to the confusing tapestry. The current regulations do not present a clear, consistent formulation from which the above results are readily extracted. Interpretation of the regulations is made more difficult by the absence in all of the pension regulations discussed in this opinion of compliance with the statutory command in 38 U.S.C. § 501(b) (formerly contained in § 210(c)(1)) that each regulation prescribed by the Secretary shall contain, "immediately following each substantive provision", "citations to the particular section or sections of the statutory law or other legal authority upon which such [regulation] is based". The necessity of the above discussion and analysis strongly suggests that the Secretary would be well-advised to undertake a broad-based review and revision (complete with the mandatory statutory-source references) of the pension unemployability regulations to bring them fully into line with the statutory scheme as outlined in this opinion.

## D. The BVA Decision

Finally, we turn to review of the BVA's January 23, 1990, decision denying the veteran VA pension. The veteran has stated that he is unable to work due to his problems: chest pain, headaches, back pain, peptic ulcer, shortness of breath, nausea, vomiting, bleeding from the GI tract, neck pain, and numbness of hands and feet. R. at 26. His doctor also stated that "[the veteran was] unable to work presently." R. at 27. The Board's statement that "the veteran's disabilities are controlled by medication and do not preclude all gainful work" (*Talley*, BVA 90–01658, at 5) does not sufficiently analyze and weigh the evidence, both pro and con, in such a way that it can be said that there are adequate "reasons or bases" in the decision. It is a mere conclusion, bereft of analysis. *See Gilbert* at 56–57 (1990); 38 U.S.C. § 7104(d)(1). Moreover, it is not clear on what evidentiary basis the Board concluded that the vet-

eran's high blood pressure was controlled by prescribed medication or that Tagamet relieved the current symptoms of his duodenal ulcer.

### III. CONCLUSION

For the foregoing reasons, the Court holds that the VA pension regulations, as construed in accordance with the underlying statute, involved in the adjudication of this case are a valid exercise of the Secretary's regulation-writing authority. The BVA decision of January 23, 1990, is vacated, and the case is remanded for readjudication in accordance with this opinion, including specific consideration of the benefit-of-the-doubt rule, and for a new decision which contains adequate "reasons or bases" for its conclusion as to the veteran's entitlement to VA pension under applicable law and regulation.

VACATED AND REMANDED.