**Carl Thomas HICKS, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

**No. 91–323.**

United States Court of Veterans Appeals.

Jan. 5, 1993.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, veteran Carl Hicks, appeals from a November 2, 1990, Board of Veterans' Appeals (Board or BVA) decision denying entitlement to a permanent and total disability rating for pension purposes. *Carl T. Hicks*, BVA 90–47069 (Nov. 2, 1990). The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. On May 14, 1992, the appellant filed a motion to remand. Summary disposition is appropriate in this case because it is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court will deny the Secretary's motion and will grant the appellant's motion, vacate the BVA's November 2, 1990, decision, and remand the matter to the BVA for prompt readjudication consistent with this decision.

## I. BACKGROUND

The veteran served in the United States Navy from July 1972 to July 1976. R. at 1.

On June 8, 1984, he filed a claim for entitlement to service connection for heart and hearing conditions. R. at 20–21. On July 31, 1984, a Veterans' Administration (now Department of Veterans Affairs) (VA) Regional Office (RO) denied entitlement to service connection for these conditions. R. at 56. On August 2, 1989, the veteran filed an "Income–Net Worth Statement" in support of a claim for VA non-service-connected pension based on total disability. R. at 57. An October 23, 1989, RO decision denied the claim, while assigning a 10% rating for non-service-connected hypertension with tachycardia. R. at 81. On January 17, 1990, the veteran reopened the pension claim. R. at 90. A March 6, 1990, RO decision continued the denial, while assigning an additional 10% non-service-connected rating for "major depression with history of anxiety and somatic dysfunction". R. at 115. On March 22, 1990, the veteran filed a VA Form 1–9 (Appeal to BVA) as to his denied claim for VA pension. R. at 118. An August 17, 1990, RO rating decision on appeal continued the denial of pension. R. at 155. In its November 2, 1990, decision, the BVA also denied the claim. *Hicks*, BVA 90–47069, at 5.

## II. ANALYSIS

The Board is required to base its decisions on "all evidence and material of record", 38 U.S.C. § 7104(a) (formerly § 4004), and to provide a "written statement of the Board's findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record", 38 U.S.C. § 7104(d)(1) (formerly § 4004). *See Brown (Clem) v. Derwinski*, 2 Vet.App. 444, 447–48 (1992); *Douglas v. Derwinski*, 2 Vet. App. 435, 438–39 (1992) (en banc); *Roberts v. Derwinski*, 2 Vet.App. 387, 390–91 (1992); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990).

Pursuant to 38 C.F.R. § 4.17 (1991), a 40–year old claimant seeking a total disability rating for pension based on unemploya-

bility and age must have either one permanent disability ratable at 60% or more; or two or more disabilities, one of which must be ratable at 40% or more, and sufficient additional disability to bring the combined rating to 70% or more; and, in either case, the disability or disabilities must render the claimant unable to secure or follow a substantially gainful occupation. Pursuant to 38 C.F.R. § 3.321(b)(2) (1991), certain VA officials may approve a permanent and total disability rating for pension purposes on an extra-schedular basis where "the evidence of record establishes that an applicant for pension who is basically eligible fails to meet the disability requirements based on the percentage standards of the rating schedule but is found to be unemployable by reason of his or her disability(ies), age, occupational background and other related factors". Therefore, the issue is whether all of the veteran's conditions render him sufficiently disabled to qualify for non-service-connected pension on a schedular or extra-schedular basis.

■ The Board failed to provide adequate reasons or bases for finding that the veteran was not permanently precluded from substantially gainful employment. Specifically, the Board did not address the veteran's patchwork history of employment. In his March 22, 1990, Form 1–9, the veteran wrote that he had resigned from a teaching position after only one year because he "was unable to cope with the stress associated with the job." R. at 118. He also wrote that he had held 11 different jobs in the one-year period between August 1987 and August 1988. *Ibid.;* R. at 106. The Board concluded:

> When considering the veteran's relative youth, varied employment experience, college-level education, and exhibited disabilities, we do not find that the veteran is permanently precluded from gainful employment.

*Hicks,* BVA 90–47069, at 5. The Board's conclusion does not "express findings with sufficient detail or clarity ... to inform the claimant and to make meaningful review by this Court possible." *Sammarco v. Derwinski,* 1 Vet.App. 111, 113–14 (1991);

*see also Masors v. Derwinski,* 2 Vet.App. 181, 188 (1992) (BVA's conclusory statement that veteran was not precluded from substantially gainful employment because of relatively young age, college education, and work experience was inadequate); *Hyder v. Derwinski,* 1 Vet.App. 221, 224 (1991) (BVA's conclusory statement that veteran's disorder did not permanently preclude substantially gainful employment was inadequate).

■ The Board also failed to provide adequate reasons or bases for rejecting certain evidence of record. On August 10, 1990, the veteran sent to the RO a June 14, 1990, letter from Dr. Riaz, a psychiatrist, and Ms. Johnson, a case manager, at the Southern Highlands Community Mental Health Center, where the veteran had been seeking treatment. In this letter, the psychiatrist stated:

> Patient has a combination of emotional and physical problems which makes him incapable of gainful employment. He will be unable to interact appropriately with co-workers and supervisors. He will be unable to perform routine repetitive tasks at a sustained level. He is not a suitable candidate for vocational rehabilitation.

R. at 148. In a June 4, 1990, evaluation entitled "Medical Assessment to Do Work–Related Activities (Mental)", Dr. Riaz indicated that the veteran's ability to make occupational, performance, and personal-social adjustments was mostly poor or nonexistent. R. at 149–50. Ordinarily, the statements of a treating physician or psychiatrist are probative evidence of the veteran's condition. *See Masors,* 2 Vet.App. at 187 (observations and opinions of treating psychotherapist, based upon several years of treatment, are certainly pertinent to veteran's claim of unemployability due to psychiatric disorder); *see also Espiritu v. Derwinski,* 2 Vet.App. 492, 494–95 (1992) (doctor's evidence on matter involving medical knowledge is generally more probative than evidence offered by lay witness). The Board must "account for the evidence which it finds to be persuasive or unpersuasive", and provide reasons or bases for rejecting evidence submitted by or on be-

half of the claimant. *Gilbert*, 1 Vet.App. at 57; *see also Sanden v. Derwinski*, 2 Vet.App. 97, 100 (1992) (BVA must weigh and analyze all the evidence of record); *Collier v. Derwinski*, 1 Vet.App. 413, 416 (1991) (where BVA concluded that appellant was not permanently and totally disabled for pension purposes, it must give adequate reasons or bases for discrediting evidence); *Ohland v. Derwinski*, 1 Vet. App. 147, 149 (1991) (BVA must weigh and analyze all the evidence of record, including determining the credibility and probative value of evidence in support of veteran's claim). However, the Board rejected Dr. Riaz's June 1990 letter and assessment without offering any reasons or bases for doing so.

Moreover, in dismissing Dr. Riaz's June 1990 statements, the BVA did not rely on independent medical evidence. *See Colvin v. Derwinski*, 1 Vet.App. 171, 175 (1991) ("BVA panels may consider only independent medical evidence to support their findings.... [H]aving reached a contrary conclusion, it was necessary for the panel to state its reasons for doing so and, more importantly, point to a medical basis other than the panel's own unsubstantiated opinion which supported the decision.") The BVA stated:

> We do not feel that [Dr. Riaz's] assessment of the veteran's industrial capacities is supported by the evidence of record, however. Although the evidence does show significant psychiatric symptomatology, the veteran is relatively young; and the psychiatric disability may improve with therapy and medication. The veteran's physical disabilities do not appear to be significantly disabling.

*Hicks*, BVA 90–47069, at 5. In arriving at this conclusion, the BVA improperly substituted its own speculations in place of independent medical evidence. "If the medical evidence of record is insufficient, or, in the opinion of the BVA, of doubtful weight or credibility, the BVA is always free to supplement the record by seeking an advisory opinion, ordering a medical examination[,] or [quoting] recognized medical treatises in its decisions that clearly support its ultimate conclusions." *Colvin, supra; Hat-lestad v. Derwinski*, 3 Vet.App. 213, 217 (1992) (BVA's failure to cite to independent medical authority or to quote from recognized medical treatises to substantiate its conclusion precluded meaningful review by the Court); *Hamilton v. Derwinski*, 2 Vet. App. 671, 674 (1992) (if BVA rejects expert opinion of psychologist, it must provide reasons or bases for its rejection and must support its own decision with expert evidence other than its own unsubstantiated opinions).

In addition to Dr. Riaz's June 1990 letter and assessment, on April 10, 1990, Dr. Riaz and Ms. Johnson wrote that the veteran was suffering from "[m]ajor depression, recurrent". R. at 133. In addition, on July 3, 1990, a private cardiologist wrote that the veteran's "major problem seems to be due to Severe Anxiety Neurosis and Panic Attacks.... I strongly feel that he should be referred to a Psychiatrist for full evaluation." R. at 152. On remand, the BVA must fulfill its duty to assist the veteran under 38 U.S.C. § 5107(a) (formerly § 3007) by ordering a VA psychiatric and physical examination to evaluate the veteran's psychiatric and other disabilities and whether those disabilities preclude him from substantially gainful employment. *See* 38 C.F.R. § 3.159 (1991); *Tripp v. Derwinski*, 3 Vet.App. 173, 175 (1992); *Colvin, supra; Cousino v. Derwinski*, 1 Vet.App. 536, 540 (1991); *Littke v. Derwinski*, 1 Vet.App. 90, 92 (1990); *Moore v. Derwinski*, 1 Vet.App. 401, 405–06 (1991).

The Court notes that in his brief the appellant points to a determination by the Social Security Administration (SSA) granting him disability benefits. Br. at 4. On remand, the veteran will be free to present evidence and argument regarding this SSA determination and to request that the BVA obtain the medical records on which that determination was based. *See Collier*, 1 Vet.App. at 417; *Brown*, 2 Vet.App. at 448 (Board must consider SSA unemployability determination and must give statement of reasons or bases for the weight given to this evidence); *Washington (Carl) v. Derwinski*, 1 Vet.App. 459, 465–66 (1991) (same); *Masors*, 2 Vet.App. at 188 (SSA records may contain evidence not previously before the Board).

**6**

### III. CONCLUSION

Upon consideration of the record and the pleadings of the parties, the Court denies the Secretary's motion for summary affirmance, vacates the November 2, 1990, BVA decision, and remands the matter to the BVA for prompt compliance with VA's duty to assist the veteran and readjudication, consistent with this decision. On remand, the appellant will be free to present additional evidence and argument. *See Quarles v. Derwinski*, 3 Vet.App. 129, 141 (1992). The Court expects the Board on remand to reexamine the evidence of record, seek appropriate additional evidence, and issue a new decision supported by an adequate statement of reasons or bases. The Court notes that "a remand is meant to entail a critical examination of the justification for the decision" and is not "merely for the purpose of rewriting the opinion so that it will superficially comply with" the Court's order. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991); *see* 38 U.S.C. § 7104(a), (d)(1). A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new BVA decision is mailed to the appellant.

VACATED AND REMANDED.