George A. DILLES, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 91–1820.

United States Court of Veterans Appeals.

May 4, 1993.

Before MANKIN, Associate Judge. █

---

## MEMORANDUM DECISION

MANKIN, Associate Judge:

George A. Dilles appeals the August 8, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to a permanent and total disability evaluation for pension purposes. The veteran, through counsel, filed a brief, requesting summary reversal. The Secretary of Veterans Affairs (Secretary) filed a motion for remand for the purposes of developing the evidence and providing adequate reasons or bases. The veteran submitted a response to the Secretary's motion. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). The Court holds that the BVA decision is clearly erroneous and thus, the Court reverses and remands for the Board to award a permanent and total disability evaluation for pension purposes, effective from July 31, 1990.

### I. Background

The veteran served in the United States Air Force from December 7, 1970 to September 7, 1974. R. at 1. In the early 1980's he suffered from "auditory hallucinations, thought inserts and thought broadcasting" and was treated at the Alaskan Psychiatric Institute for schizophrenia. R. at 7–8. Mr. Dilles was admitted to the Veterans' Administration (now Department of Veterans Affairs) (VA) Medical Center (MC) in Tacoma, Washington, on December 2, 1986, and was diagnosed with schizophrenia, chronic, paranoid type, in partial remission. R. at 7. He was discharged from the VAMC on December 30, 1986, and transferred to the VA Domiciliary in White City, Oregon, for continued management of his disorder. R. at 9, 10. (A domiciliary provides care and living space for persons so disabled as to be unable to live independently. See WEBSTER'S NINTH NEW COLLEGIATE DICTIONARY 374 (9th ed. 1989)). He has resided at this VA Domiciliary in White City continuously since December 1986.

The veteran applied for a non-service-connected pension, but his claim was denied by a March 1987 VA Regional Office (RO) decision because the RO found that the veteran's paranoid schizophrenia was only 50% disabling. R. at 3–6, 16. The Board also denied the veteran's claim in November 1989. R. at 43.

Mr. Dilles reopened his claim on July 31, 1990, and submitted additional medical evidence. R. at 45–48, 65. This evidence included a VA treatment assessment, dated April 1990, in which the physician noted that there were no plans to discharge the veteran from the VA Domiciliary because of the need for a structured living environment to maintain the optimal level of functioning. R. at 62. Also submitted was a VA medical record, dated July 1990, indicating that the veteran's schizophrenia "limits his employability." R. at 69. In August 1990, a VA psychologist stated: "I do not believe that Mr. Dilles is competitively employable. While he is stable, he has been ill since about 1984 with no period of employment [and] he has had some problems on his [incentive therapy] job. We should support his [non-service-connected pension] claim." R. at 70. The veteran's VA treating physician, Dr. Gardner, also concluded that the veteran's chronic schizophrenia "precludes remunerative employment." R. at 70. The RO and BVA denied the veteran's claim for pension.

### II. Discussion

█ To establish entitlement to a non-service-connected pension, the veteran must meet the requirements of 38 U.S.C.A. § 1521(a) (West 1991) that a veteran serve during a period of war and be permanently and totally disabled. See *Odiorne v. Principi*, 3 Vet.App. 456, 460 (1992); *Roberts v. Derwinski*, 2 Vet.App. 387, 389 (1992); *Talley v. Derwinski*, 2 Vet.App. 282, 284–86 (1992). "The term 'Vietnam Era' means the period beginning August 5, 1964, and ending on May 7, 1975." 38 U.S.C.A. § 101(29) (West 1991). Mr. Dilles' service

in the U.S. Air Force from December 1970 to September 1974, during the "Vietnam Era" satisfies the service requirement of 38 U.S.C.A. § 1521.

■ The remaining question is whether the veteran is permanently and totally disabled. Permanent and total disability may be shown by either of two means: (1) the veteran must be unemployable as a result of a lifetime disability, or (2) if not unemployable, he must suffer from a lifetime disability which would render it impossible for the average person with the same disability to follow a substantially gainful occupation. *Brown (Clem) v. Derwinski*, 2 Vet.App. 444 (1992); *see* 38 U.S.C.A. § 1502(a) (West 1991).

In finding that the veteran was not permanently and totally disabled, the Board stated:

> The evidence of record in this case indicates that the veteran's major disability results from paranoid schizophrenia. Although it has been opined by VA psychiatrists treating the veteran that the veteran was not competitively employable because of his disorder, the clinical evidence indicates that his disorder is currently being controlled with medication and as a result of the medication his paranoid delusions, while still present, are not severely disabling. It is further indicated by a VA examination conducted in January 1990 that the veteran has no significant physical problems.
>
> We note that the veteran is a relatively young man with a high school education. He is suffering from a disorder that can be adequately managed by appropriate medication. Furthermore, he has shown the ability to sustain employment involving routine uncomplicated tasks, working as a library aide in the incentive therapy program.
>
> While the Board acknowledges that the veteran has functioned since 1986 in a protective environment, and that his performance as a library aide has been marginal, we are not persuaded, absent objective evidence to the contrary, that the veteran is precluded from all other employment options, especially those involv-

ing tasks of a routine, repetitive nature. The weight of the evidence is against a finding that he is unemployable as a result of permanent and total disability.

*George A. Dilles*, BVA 91–25797, at 4 (Aug. 8, 1991).

■ In this case, the Board made a factual determination that the veteran was not permanently and totally disabled. The Court reviews BVA factfinding under a "clearly erroneous" standard. 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Gilbert v. Derwinski*, 1 Vet.App. 49, 52–53 (1990). The Court must set aside a finding of material fact as clearly erroneous when the Court is left with a definite and firm conviction that a mistake has been committed by the Board to the extent that " 'no plausible basis' in the record" exists for the BVA finding at issue. *Gilbert*, 1 Vet.App. at 52; *see Karnas v. Derwinski*, 1 Vet.App. 308, 311 (1991);

■ The record indicates that the veteran has not been employed outside of the VA system since 1984. He resides at a VA Domiciliary where he is employed in an incentive therapy position at a VA library. R. at 20, 22, 27, 45, 68, 79. A VA psychologist supports the veteran's claim for pension and concludes that the veteran is not "competitively employable" due to his condition. R. at 70. Dr. Gardner, the veteran's treating physician, concluded that the veteran's disability precluded "remunerative employment." There is no evidence in the record that supports the Board's finding that the veteran is employable. In this case, "because there is no evidence to support the BVA determination, it is obvious that a mistake has been committed" and thus, the Board's finding is clearly erroneous. *Karnas*, 1 Vet.App. at 311. The veteran is entitled to a non-service-connected pension under 38 U.S.C.A. § 1521 because he meets the requirements of the statute and therefore, the Court must reverse the August 8, 1991, BVA decision, and remand the matter to award the veteran pension benefits, effective from July 31, 1990, the date he reopened his claim.

■ The Court also notes that in addition to factual error, the Board also committed legal error in its treatment of the veteran's claim. In the evaluation of employability, the Board considered the veteran's incentive therapy position at a VA library. Pursuant to 38 U.S.C.A. § 1718(f)(1) (West 1991) and 38 C.F.R. § 3.342(b)(4)(ii) (1992), the Secretary is expressly prohibited from considering this incentive therapy position as evidence of employability.

Accordingly, the decision of the Board is REVERSED and the matter is REMANDED, with instructions. Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).