**Allen S. HOHLT, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–866.

United States Court of Veterans Appeals.

May 11, 1992.

Before STEINBERG, Associate Judge.

MEMORANDUM DECISION

STEINBERG, Associate Judge:

The pro se appellant, veteran Allen S. Hohlt, appeals from an April 11, 1991, decision of the Board of Veterans' Appeals (BVA or Board) denying service-connected disability compensation for bilateral hearing loss and also denying an increased rating for his service-connected residual scar, currently rated at zero-percent disabling, of an excision of an osteochondroma of the left ankle. The decision of the Board will be affirmed.

In November and December 1989, the veteran was given a Department of Veterans Affairs (VA) compensation and pension examination to evaluate his claimed left-ankle and hearing-loss disabilities. R. at 111–19. Service connection for the left-ankle condition, at a zero-percent rating, was established by a VA Regional Office (RO) rating decision on January 17, 1990. R. at 120–21. In his September 14, 1990, formal appeal to the BVA, the veteran claimed entitlement to a compensable rating, asserting that he suffers severe pain in his ankle, and requested that another VA examination be conducted. R. at 131. The BVA denied an increased rating, stating that the November 1989 examination indicated no pain or impairment of function attributable to the service-connected residual scar, and that although the veteran had complained of left-ankle pain, he did not "specifically relate it to the scar". *Allen S. Hohlt*, BVA 91–11598 (Apr. 11, 1991).

■■■ The Court holds that because there is a plausible basis in the record for the BVA's conclusions they are not subject to reversal as clearly erroneous findings of fact. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990) (pursuant to 38 U.S.C. § 7261(a)(4) (formerly § 4061), the Court reviews BVA factfinding under a "clearly

erroneous" standard; "if there is a 'plausible' basis in the record for the factual determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them"). Further, the Court holds that the BVA did not breach the statutory duty to assist the claimant (38 U.S.C. § 5107(a) (formerly § 3007)) by failing to provide another physical examination as requested by the veteran. Because the veteran was provided a VA physical examination in November 1989, the adequacy of which has not been challenged, and has not submitted any further evidence to support his claim of an increase in his service-connected disability, the duty to assist did not require another examination. *Cf.* 38 C.F.R. § 4.2 (1991); *Victor Green v. Derwinski*, 1 Vet.App. 121, 124 (1991) (where an examination report contains insufficient detail for rating purposes, further examination is required); *Howard Moore v. Derwinski*, 1 Vet.App. 401, 405 (1991) (to same effect); *Parker v. Derwinski*, 1 Vet.App. 522, 526 (1991) (to same effect); *Wilson v. Derwinski*, 2 Vet.App. 16, 21 (1991) (to same effect).

In denying service-connected disability compensation for bilateral hearing loss, the Board noted that the veteran suffered hearing loss in the left ear due to a perforated left tympanic membrane in service in February 1971. The Board further noted that a March 1971 service medical record stated that the veteran's left tympanic membrane had healed and that his hearing was described as "OK", and that the report of an audiometric examination at separation from service revealed no hearing loss. *Hohlt*, BVA 91–11598, at 4. The Board concluded that the defective hearing in the left ear in service was acute and transitory and that the current bilateral hearing loss was not shown to be the result of a disease or injury incurred in or aggravated by service. *Id.* at 5–6. Because there is a plausible basis in the record for the BVA's conclusions with regard to this claim they are not subject to reversal as clearly erroneous findings of fact. *See Gilbert, supra.* Finally, as to the hearing-loss claim, the Board's reliance on the separation medical

examination report of normal audiometric test results was a satisfactory response to the veteran's contentions, without any corroboration whatsoever, to the BVA (R. at 131), not repeated on appeal to this Court, that no such audiometric test was conducted on him at separation. *Cf. Godfrey v. Derwinski*, 2 Vet.App. 352, 357 (1992) (Board was obliged to address appellant's contention of faulty hearing examination at separation because his contention about inadequate eye examination at separation was well-supported by the record).

Upon consideration of the record, the motion of the Secretary of Veterans Affairs (Secretary) for summary affirmance, and the appellant's informal brief, it is held that the appellant has not demonstrated that the BVA committed error, in its findings of fact, conclusions of law, procedural processes, consideration of the benefit-of-the-doubt rule, or articulation of reasons or bases, that would warrant remand or reversal under 38 U.S.C. §§ 7252, 5107(b), 7104(d)(1), 7261 (formerly §§ 4052, 3007, 4004, 4061) and the analysis in *Gilbert.* It is further held that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by our precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Secretary's motion for summary affirmance is granted and the April 11, 1991, BVA decision is affirmed.

AFFIRMED.