Jessie K. ROBERTS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–606.

United States Court of Veterans Appeals.

Submitted Nov. 22, 1991.

Decided May 15, 1992.

Jessie K. Roberts, pro se.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Angela Foehl were on the pleadings for appellee.

Before FARLEY, MANKIN, and IVERS, Associate Judges.

MANKIN, Associate Judge:

Jessie K. Roberts appeals from an April 6, 1990, Board of Veterans' Appeals (Board or BVA) decision denying a permanent and total disability rating for pension purposes. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) .(formerly § 4052(a)). The Secretary's motion is denied, the BVA decision is vacated, and the veteran's claim is remanded for proceedings consistent with this Court's opinion.

## I. BACKGROUND

Jessie K. Roberts served on active duty in the Army from May 1965 to May 1967. Apparently the veteran applied to the Veterans' Administration (now the Department of Veterans Affairs) (VA) for a pension in 1982, but was denied benefits. R. at 21. In 1983, the Social Security Administration (SSA) awarded appellant disability benefits based on its standards for unemployability retroactive to August 17, 1982. R. at 8–14. The veteran first injured his back in April 1981, while pushing an 1800 pound roll of paper. He reinjured his back pulling on a 150 pound roll of paper in August 1982, and in 1983, while receiving worker's compensation benefits. In January 1983, the veteran underwent back surgery (posterolateral fusion of the transverse processes to the sacrum at L5–S1) and was discharged with a diagnosis of bilateral L–5 pars defect, and early degenerative changes of the mid-thoracic spine and chronic neck pain; he still suffers from pain in his back, hips, left leg and foot. R. at 10. A June 18, 1983, orthopedic examination revealed that there was no improvement resulting from the surgery, and his symptoms had been increasing. The veteran was "diagnosed as convalescing from a spinal fusion, with a chronic lumbosacral strain. He was also diagnosed as having a spondylolisthesis." R. at 11. The SSA administrative law judge concluded that, "[h]e cannot perform even sedentary work on a sustained basis. The claimant's residual functional capacity, when considered in tandem with the vocational factors present

in this case, leads to the conclusion that there are no jobs which exist in the national economy which the claimant could reasonably be expected to perform on a sustained basis." R. at 12.

On April 3, 1989, the veteran applied to reopen his claim for pension based on his back disability. R. at 21–24. On May 7, 1989, a VA medical examination was performed apparently without an analysis of any of the previous medical records. A radiographic report of May 19, 1989, stated that the "possibility of spondyloysis [sic] cannot be entirely excluded." R. at 30. A June 8, 1989, rating decision confirmed the previous denial of a pension in the February 1982 rating decision. R. at 31. The VA received the veteran's Notice of Disagreement (NOD) in June 1989, which indicated that the veteran had not worked since August 1982. R. at 32–37. On June 30, 1989, the VA Regional Office (VARO) confirmed the denial of the previous rating decision, because the veteran "did not submit any medical evidence." R. at 39. It should be noted that the VARO did not mention the claimant's hip, leg and elbow complaints; nor did it discuss the fact that the veteran was fired from his last job because he could no longer perform his duties. The veteran appealed the rating decision to the BVA in July 1989. He concurrently submitted the medical records from the pre–1982 surgery and post-operative developments through 1984. He was found to have "bilateral pars interarticularis defect at L5, with a grade I spondylolisthesis." R. at 48. Spondylolisthesis is defined as the "forward displacement of a lumbar vertebra on the one below it and especially of the 5th lumbar vertebra on the sacrum producing pain by compression of nerve roots." MERRIAM–WEBSTER, MEDICAL DICTIONARY 670 (1986). Without explanation, the BVA decision of April 6, 1990, concluded that "[t]he criteria for a permanent and total rating for pension purposes are not met." *Jessie K. Roberts*, BVA 90–08498, at 5 (Apr. 6, 1990). From this decision the veteran appeals to this Court.

## II. ANALYSIS

### A.

■ The appellant is seeking a non-service-connected disability pension pursuant to 38 U.S.C. § 1521 (formerly § 521). Section 1521 provides in pertinent part:

(a) The Secretary shall pay to each veteran of a period of war who meets the service requirements of this section (as prescribed in subsection (j) of this section) and who is permanently and totally disabled from non-service connected disability and not the result of the veteran's willful misconduct, pension at the rate prescribed by this section, as increased from time to time under section 3112 of this title.

. . . .

(j) A veteran meets the service requirements of this section if such veteran served in the active military, naval, or air service—(1) for ninety days or more during a period of war. . . .

38 U.S.C. § 1521. To qualify for a pension under this statute, a two-pronged test must be met. First, the veteran must have served during a period of war. Second, the veteran must be totally and permanently disabled from a non-service-connected disability. *See Hyder v. Derwinski*, 1 Vet. App. 221, 223 (1991). "The term 'Vietnam Era' means the period beginning August 5, 1964, and ending on May 7, 1975." 38 U.S.C. § 101(29). The appellant's service in the U.S. Army from May 1965 to May 1967, during the "Vietnam Era," satisfies the first prerequisite of the statutory test.

■ The second prong of the test requires that the veteran be permanently and totally disabled. The Board's entire "Discussion and Evaluation" of appellant's claim is as follows:

The veteran's primary disorder is chronic low back pain. He manages to go about his daily activities, including short walks for exercise. He demonstrated that he could drive up to 75 miles with only moderate discomfort. The most recent medical evidence of record found no disorder of the elbows. Taken together, we cannot conclude that the veteran is so disabled as to permanently preclude all

forms of substantially gainful employment consistent with his age, education, and industrial background.

Although the Social Security Administration has ruled that the veteran is disabled, this, in and of itself does not establish that the veteran is permanently and totally disabled for pension purposes according to the laws and regulations governing the VA. We have considered the applicable regulatory provisions and the doctrine of reasonable doubt, but find no such doubt in this case.

*Roberts*, BVA 90–08498, at 4–5. The BVA asserted that it has considered "the applicable regulatory provisions", yet there is no mention or discussion as to what part(s) of the Diagnostic Code (DC) serve as the basis for its denial of pension based on non-service-connected disability. The Board apparently only considered the regulations pertaining to a total and permanent disability rating without evaluating the veteran's conditions under the schedule of ratings first. There was no rating evaluation for the veteran's alleged back, hip, leg or elbow disabilities. Before a total and permanent disability rating can be awarded, an evaluation must be performed under the Schedule for Rating Disabilities to determine the percentage of impairment caused by each disability. *See* 38 C.F.R. §§ 3.340(a), 4.15, 4.17 (1991). The applicable regulations are §§ 4.40, 4.41, 4.42, 4.44, 4.45(f), 4.5, 4.51, 4.52, 4.53, 4.54, 4.59, 4.71a, DC 5205, 5250–5255, 5285–5295, 4.72, and 4.73, DC 5320 (1991). Perhaps not all of these would specifically apply to appellant's claim, but no analysis was done to make an adequate determination. The Board also never stated whether the veteran was entitled to a total and permanent disability rating on an extra-schedular basis under 38 C.F.R. § 3.321(b)(2) (1991). Even if not raised by appellant, the Court has consistently held that "the BVA is not free to ignore its own regulations." *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991) (citations omitted).

The Court also notes that the confirmed rating decision of June 1989 denied a total and permanent disability rating based on one VA medical examination, which was conducted before any of the veteran's prior private medical records were submitted. The BVA decision continued to deny appellant's claim based on the June 1989 rating decision without stating a legal basis for its denial in view of the veteran's entire medical history. In order for the Secretary to fulfill his duty to assist, the veteran's claim must be remanded for a thorough contemporaneous medical examination, one which takes into account prior medical records, so that the evaluation of the claim disability will be a fully informed one. 38 U.S.C. § 5107(a) (formerly § 3007(a)); *Green v. Derwinski*, 1 Vet. App. 121, 124 (1991).

In view of these defects in the Board decision and the ambiguities in the record, the Court remands this case for a new physical examination and a new rating decision to accurately identify the percentage of impairment attributable to each specific disability under all applicable statutes and regulations.

### B.

Furthermore, the Board reached its "Conclusion of Law" without including the requisite "written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions" as mandated by 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)) to enable the veteran to understand the decision and for this Court to fulfill its function of judicial review. *See Sammarco v. Derwinski*, 1 Vet.App. 111, 112–13 (1991); *Gilbert v. Derwinski*, 1 Vet.App. 49, 56 (1990). As this Court stated in *Gilbert*, "the Board must identify those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive. These decisions must contain clear analysis and succinct but complete explanations." *Gilbert*, 1 Vet.App. at 57. The BVA failed to provide a clear statement of its reasons or bases as required by 38 U.S.C. § 7104(d)(1) for its conclusion that "[t]he criteria for a permanent and total rating for pension purposes are not met." *Roberts*, BVA 90–08498, at 5.

The case must be remanded for a complete analysis of the credibility or probative value of evidence submitted by or on behalf of the veteran in support of his claim, to address appellant's unemployability in light of the physical pain he suffers, to explain the reasons or bases for the Board's assertion that appellant can carry on the activities of daily living, and that his age, experience, and education do not prohibit him from carrying on employment, and for the BVA to articulate with reasonable clarity its "reasons or bases" for the rejection of such evidence in its decision, if it continues to reject that evidence. 38 U.S.C. § 7104(d)(1); *Moyer v. Derwinski,* 2 Vet. App. 289, 294 (1992); *Smith v. Derwinski,* 1 Vet.App. 235, 237–38 (1991); *Ohland v. Derwinski,* 1 Vet.App. 147, 150 (1991); *Gilbert v. Derwinski,* 1 Vet.App. 49, 56–57 (1990). Because the Court finds that the BVA's discussion and evaluation are inadequate, we are compelled to overturn the Board's decision and remand this case for compliance with the statutory requirement and the standards established by this Court. *See Talley v. Derwinski,* 2 Vet. App. 282 (1992).

## C.

■ In its statement of the "reasons or bases," the Board must also include in its decision "the precise bases for that decision, and ... the Board's response to the various arguments advanced by the claimant." *Gilbert,* 1 Vet.App. at 56. Appellant contends that since the Social Security Administration (SSA) has deemed him unemployable and eligible for benefits, the Department of Veterans Affairs should also grant him eligibility for total disability benefits. The Board acknowledged that the SSA's decision found the veteran totally disabled, yet failed to give this decision and the findings of the physicians any consideration or weight in its determination to deny appellant a total disability rating based on individual unemployability.

The SSA's decision of August 11, 1983, included the following in its findings:

The claimant is precluded by his impairment from doing his past work and is unable to do even sedentary work on a sustained basis. There are no other jobs which the claimant is capable of performing which exist in significant numbers in the national economy.

R. at 12. This evidence is relevant to the determination of appellant's ability to engage in substantial gainful employment. The decision of the administrative law judge at the SSA "cannot be ignored and to the extent its conclusions are not accepted, reasons or bases should be given therefor." *Collier v. Derwinski,* 1 Vet.App. 413, 417 (1991). *See Murincsak v. Derwinski,* 2 Vet.App. 363, 372 (1992); *Webster v. Derwinski,* 1 Vet.App. 155, 159 (1991); *Sammarco,* 1 Vet.App. at 112; *Gilbert,* 1 Vet. App. at 56–57. For this reason, the decision of the BVA must be vacated and the case remanded for consideration of the SSA's decision and a statement of reasons or bases for the weight given to this evidence.

## III. CONCLUSION

Accordingly, the Secretary's motion for summary affirmance is denied. The Board's decision is VACATED, and appellant's claim is REMANDED for proceedings consistent with this Court's opinion.

*It is so Ordered.*