**Peter R. PEREZ, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–162.**

United States Court of Veterans Appeals.

June 4, 1992.

Before IVERS, Associate Judge.

## MEMORANDUM DECISION

IVERS, Associate Judge:

Peter R. Perez appeals from a September 26, 1990, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the BVA denied the appellant's claim for service connection for posttraumatic stress disorder (PTSD). The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)). The appellant claims that the VA examination, upon which the BVA relied in large part in rendering its decision, was inadequate. The Court remands the case, holding that the BVA failed to provide reasons or bases for its refusal to grant further psychiatric evaluation.

The veteran served in the U.S. Marine Corps from November 1964 to November 1968, including a year in Vietnam from 1967 to 1968. R. at 1, 66. His enlistment examination showed that the veteran considered himself as having experienced "depression or excessive worry". R. at 15. His service medical records show no treatment for psychiatric problems. R. at 19–37. His separation examination was marked "normal" regarding psychiatric conditions. R. at 38.

In September 1987, the veteran applied to the Veterans' Administration (now Department of Veterans Affairs) (VA) for compensation or pension for "delayed stress syndrome" which he claimed was acquired in Vietnam and aggravated by the high stress of his job as a prison guard and by his having been in four automobile accidents over the preceding eleven years. R. at 50–51. The veteran provided descriptions of incidents he experienced in Vietnam that may have produced his stress (R. at 57–63), but when asked to provide medical evidence of treatment for or diagnosis of PTSD (R. at 55), he stated that he had "been treated for my high blood pressure and stress, indirectly." R. at 62. He provided names of doctors, such as an ophthalmologist and an orthopedic surgeon, who had treated him for various other medical problems. *Id.* In December 1988, the vet-eran underwent a VA neuropsychiatric examination for rating purposes. Supplemental Record (S.R.) at 3–4. The examination report begins with a note that the "veteran's C-file and medical records were not available at the time of examination." S.R. at 3. The report included a detailed description of the incidents or "stressors" which the veteran claimed produced his stress and of the symptoms of his stress, including grinding his teeth, sleeping no more than four to six hours a night, and occasionally dreaming of falling. The report also showed that the only other problem that the veteran attributed to his military service was high blood pressure. In addition, it was noted in the examination report that the veteran had been working as a prison guard for nearly seven years, although he did not enjoy his job and worried that he would lose it. S.R. at 3–4. The diagnostic impression was "anxiety disorder, not otherwise specified". S.R. at 4.

In March 1989, a VA Regional Office (VARO) issued a rating decision denying, *inter alia,* service connection for PTSD. R. at 66–68. The veteran appealed the decision to the BVA. R. at 69–70, 78–80. Before the Board had rendered its decision, the veteran contended that the December 1988 VA neuropsychiatric evaluation was inadequate and requested that the VA provide further psychiatric evaluation. Specifically, the veteran noted that although anxiety disorder was diagnosed, the physician did not comment on the causes of the veteran's conditions and that the evaluation was inadequate to determine or rule out the existence of PTSD. R. at 86.

The BVA upheld the VARO's denial of the veteran's claim, noting that PTSD was not diagnosed in the December 1988 VA examination. The Board also noted in its decision that it had considered the request "that the case be remanded for further psychiatric evaluation", but it determined, without explanation, that "the evidence of record is adequate for an equitable adjudication of this claim." *Peter R. Perez*, BVA 90–33142, at 4 (Sept. 26, 1990).

█ This Court has held that, when an examination report is inadequate, it is part of the VA's duty to assist the veteran to order another examination. 38 U.S.C. § 5107(a) (formerly § 3007(a)); *Green v. Derwinski*, 1 Vet.App. 121, 124 (1991) (where an examination report contains insufficient detail for rating purposes, further examination is required). *See also Roberts v. Derwinski*, 2 Vet.App. 387, 390 (U.S.Vet.App.1992) (where VA examination was conducted before any of the veteran's private medical records were submitted, remand was required for a thorough contemporaneous examination that took into account prior medical records). *Cf. Hohlt v. Derwinski*, 2 Vet.App. 402, 403, (U.S.Vet. App.1992) (where the veteran was provided a VA examination, did not challenge adequacy of that examination, and did not provide any further evidence to support his claim, the duty to assist did not require another examination). We have also held that, where the BVA bases its decision on an examination report in which the examiner deferred diagnosis because the veteran's claim file was not available at the time of examination, that examination report is inadequate, and the BVA decision must be vacated and the case remanded for completion of the examination. *Abernathy v. Derwinski*, 2 Vet.App. 391, 394 (U.S.Vet. App.1992); *see also* 38 C.F.R. § 4.2 (1991) (if report does not contain sufficient detail, rating board must return as inadequate for evaluation purposes).

In this case, the veteran, in his request for further psychiatric evaluation, provided specific reasons for his contention that the December 1988 VA examination was inadequate: (1) that, despite providing a diagnostic impression of anxiety disorder, the examiner did not comment on the causes or etiology of the veteran's condition nor on the relationship of the veteran's symptomatology to his combat history; and (2) the evaluation was inadequate either to determine or to rule out the existence of PTSD as per the guidelines of the Physician's Guide to Disability Evaluation. R. at 86. In addition to these alleged insufficiencies, the report shows that the "veteran's C-file

and medical records were not available at the time of examination...." S.R. at 3.

The BVA did not provide any reasons or bases for its conclusion that "the evidence of record is adequate for an equitable adjudication", and therefore the Court cannot determine whether or not the Board considered the specific allegations of the veteran in reaching its conclusion. The Court has held that such a "bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review', nor in compliance with statutory requirements." *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990) (quoting *International Longshoremen's Assoc. v. National Mediation Board*, 870 F.2d 733, 735 (D.C.Cir.1989)); *see also* 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). The Court notes that the VA examination report provides a detailed account of the veteran's symptoms, which are not necessarily consistent with, or at least do not appear to be as severe as, those symptoms characteristic of PTSD. *See* Department of Veterans Affairs Adjudication Procedure Manual, M21–1, para. 50.45(b) (regarding the essentials of diagnosis of PTSD). This may account for the physician's diagnostic impression of anxiety disorder. However, a review of the examination report does support the veteran's allegation that the examiner did not comment on the causes of the veteran's condition or its relationship, if any, to his military service.

█ In light of these observations, the Court holds that the case must be remanded so that, at a minimum, the BVA may provide adequate reasons or bases, consistent with the standard articulated in *Gilbert*, for its determination that further psychiatric evaluation in this case was not necessary. Specifically, the Board should address the allegations of the veteran with regard to the inadequacy of the examination as well as the significance with regard to diagnosis, if any, of the examiner not having the veteran's claim file at the time of the examination. In remanding the case for adequate reasons or bases, the Court reminds the Board that "a remand, such as

is done here, is [not] merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement of 38 U.S.C. § 7104(d)(1) (formerly § 4004). [Rather, a] remand is meant to entail a critical examination of the justification for the decision." *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). Therefore, in reexamining the evidence of record in the case, should the Board find that further psychiatric evaluation is needed, such evaluation must be accomplished.

Upon consideration of appellee's motion for summary affirmance, appellant's informal brief, and a review of the record, it is the holding of the Court that appellee's motion is denied, the decision of the BVA is VACATED, and the case REMANDED for readjudication consistent with this decision. It is further held that summary disposition is appropriate because the case is one of relative simplicity, whose outcome is controlled by our precedents and is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).