**George T. JONES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–322.

United States Court of Veterans Appeals.

Aug. 25, 1992.

As Amended Nov. 13, 1992.

Before STEINBERG, Associate Judge.

## MEMORANDUM DECISION

STEINBERG, Associate Judge:

The appellant, Vietnam veteran George T. Jones, appeals from a November 1, 1990, decision of the Board of Veterans' Appeals (BVA or Board) denying an increased rating for his service-connected post-traumatic stress disorder (PTSD), currently rated at 50% disabling, and denying entitlement to a total disability rating based on individual unemployability due to his service-connected conditions. Because the Board failed to provide an adequate statement of the reasons or bases for its findings and conclusions, the matter will be remanded to the Board for readjudication.

The veteran served on active duty from August 1967 to August 1969, including combat service in Vietnam. He has held a service-connected disability rating for a psychiatric disorder since August 1969. That condition, originally characterized as "anxiety reaction", is now rated as "PTSD with anxiety reaction". R. at 92. In a November 29, 1988, rating decision by a Department of Veterans Affairs (VA) Regional Office, the rating for that condition was increased from 10% to 50%. R. at 92. The veteran appealed that decision, asserting entitlement to a higher schedular rating, and to a total disability rating based on individual unemployability due to service-connected disabilities. The Board, in its November 1, 1990, decision, denied both claims.

The Secretary of Veterans Affairs (Secretary) has moved for partial summary affirmance of the Board's denial of the claim for an increased schedular rating, and summary remand of the veteran's claim for a total disability rating based on individual unemployability. With regard to the former claim, the Secretary asserts that there were no factual, legal, or procedural errors in the Board's decision; as to the latter claim, he asserts that the Board erred in failing to provide an adequate statement of the reasons or bases for its evaluation of the evidence pertaining to the veteran's ability to obtain and retain substantially gainful employment, and of the applicability of 38 C.F.R. § 4.16 (1991). The Secretary also states that, on remand, the Board should determine whether further evidentiary development is necessary with regard to the unemployability claim. The veteran asserts that reversal is warranted as to both claims, and argues, in the alternative, that both claims should be remanded due to the Board's failure to provide an adequate statement of the reasons or bases for its decision.

The majority of the Board's "DISCUSSION AND EVALUATION" consists of a summary of the lay and medical evidence of record, including August 1989 statements of a private psychiatrist and VA-contracted certified mental health counselor, both of whom state that the veteran is totally disabled or unemployable due to his PTSD (R. at 68–69, 74–75), and a May 1990 Social Security Administration (SSA) document indicating that the veteran was found to be disabled for purposes of Social Security Disability Insurance (SSDI) due to "anxiety related disorder". Supp.R. at 1. The Board's evaluation of that evidence is contained in two paragraphs:

The schedular rating now in effect for the [PTSD] contemplates the presence of considerable social and industrial impairment. The disorder does not, however, impair intellectual or cognitive functions. The appellant retains fair insight and judgment. The disorder would not prevent all forms of gainful employment. The residuals of [a] gunshot wound of the right mandible, tinnitus, or rhinitis which are also service connected would not impair employment function for all forms of work. In reaching that conclusion we have considered the veteran's recent entitlement to [SSA] benefits. We note that entitlement to that benefit is based on conditions for which service connection may not be in effect. This determination is limited to a consideration of those conditions for which ser-

vice connection is in effect. We have reviewed the record carefully, but do not find that the evidence is so evenly balanced as to raise a reasonable doubt. *George T. Jones*, BVA 90–38972, at 6 (Nov. 1, 1990).

The Board is required to provide a written statement of the reasons or bases for its findings and conclusions on all material issues of fact and law presented on the record; the statement must be adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court. *See* 38 U.S.C. § 7104(d)(1) (formerly § 4004); *Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990); *Masors v. Derwinski*, 2 Vet.App. 181, 188 (1992). To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any evidence favorable to the veteran. *See Abernathy v. Derwinski*, 2 Vet.App. 391, 394 (1992); *Hatlestad v. Derwinski*, 1 Vet.App. 164, 169 (1991); *Gilbert, supra.* Here, for the reasons set forth below, the Board erred in failing (1) to provide an explanation for its implicit rejection of the opinions of the veteran's psychiatrist and mental health counselor that the veteran was "totally unemployable", "100% disabled", and suffered "totally disabling" PTSD (R. at 69, 75); (2) to discuss the relevant lay and medical evidence in relation to the applicable schedular rating criteria for purposes of explaining its denial of an increased schedular rating; (3) to discuss the relevant lay and medical evidence in relation to its conclusion that the veteran is not precluded from engaging in all forms of substantially gainful activity; and (4) to explain its conclusion that the "anxiety related disorder" upon which the veteran's SSDI award was based is separate from the veteran's service-connected PTSD.

The Board was required to provide reasons or bases for its implicit rejection of the 1989 psychiatrist's and counselor's opinions that the veteran is totally disabled and unemployable due to his PTSD. *See Fluharty v. Derwinski*, 2 Vet. App. 409, 413 (1992); *Abernathy, supra; Gilbert, supra.* The Board merely summarized that evidence, but provided no explanation for rejecting it. *Jones*, BVA 90–38972, at 4–6. Therefore, remand is required to allow the Board to consider that evidence, to make findings as to its credibility and probative value, and to explain fully its evaluation of it. Furthermore, this evidence pertains directly to both of the veteran's claims. In determining that the veteran was not entitled to a schedular rating in excess of 50%, the Board implicitly rejected those opinions, which stated that he was "100% disabled" and that his condition was "totally disabling", and failed to explain why that evidence would not support a 70% or 100% rating. R. at 69, 75; *see* 38 C.F.R. § 4.132, Diagnostic Code (DC) 9411 (1991) (criteria for 70% and 100% ratings for PTSD). Similarly, in concluding that the veteran was not unemployable, the Board implicitly rejected the opinion stating that the veteran was "totally unemployable" without providing reasons therefor. R. at 69.

The Board also failed to explain why, in light of the medical evidence as to the severity of the veteran's PTSD, it concluded that his condition produced "considerable" social and industrial impairment (the criterion for a 50% rating) rather than "severe" (70%) or "total" (100%) impairment. *See Ohland v. Derwinski*, 1 Vet.App. 147, 150 (1991) (Board's decision is deficient when it fails to explain the criteria used in determining which schedular category is appropriate in light of the medical evidence); *Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991) (same). Particularly in light of the opinions that the veteran's PTSD is "totally" or "100%" disabling, the Board must explain why it applied the schedular rating for "considerable" impairment rather than "severe" or "total" impairment. *See Webster, supra* (BVA must provide explanation for determination as to rating category, especially when its determination appears on its face inconsistent with much of the relevant evidence of record); *see also* 38 C.F.R. § 4.7 (1991) ("[w]here there is a question as to which of two schedular

categories shall be applied, the higher evaluation will be assigned if the disability more nearly approximates the criteria required for that rating"). Furthermore, in discussing the applicability of the 70% and 100% schedular rating criteria in this case, the Board must address the evidence demonstrating that the veteran has been unable to retain employment for any significant period of time, despite numerous attempts. The schedule provides for a 100% rating if the veteran is "[d]emonstrably unable to obtain *or retain* employment", and a 70% rating if there is severe impairment in his ability "to obtain *or retain* employment". 38 C.F.R. § 4.132, DC 9411 (1991) (emphasis added).

The Board's decision that the veteran is not precluded from all forms of substantially gainful employment also must be supported by reasons or bases; a mere conclusory statement is insufficient. *See Masors*, 2 Vet.App. at 188; *Gleicher v. Derwinski*, 2 Vet.App. 26, 28 (1991); *Hyder v. Derwinski*, 1 Vet.App. 221, 224 (1991); *Hatlestad v. Derwinski*, 1 Vet.App. at 169–70. Here, the Board simply stated that the veteran's service-connected disabilities "would not prevent all forms of gainful employment", without discussing the contrary evidence or the applicable statutory and regulatory criteria. (The veteran also holds service-connected disability ratings for residuals of a gunshot wound of the right mandible, currently rated at 10%, tinnitus, currently rated at 10%, and rhinitis, currently rated noncompensable.) Again, the Board failed to address the psychiatrist's and mental health counselor's opinions that the veteran is "totally unemployable" and suffers from "totally disabling" PTSD. Therefore, the Board will be required on remand to consider whether the veteran is unemployable, and to provide an adequate explanation of its decision, according to the criteria of the applicable regulation, 38 C.F.R. § 4.16(b) (1991) (where claimant fails to meet minimum schedular requirements in section 4.16(a), but is unable to pursue substantially gainful employment, claim should be submitted for extra-schedular consideration). *See Mingo v. Derwinski*, 2 Vet.App. 51, 53–54

(1992). Furthermore, if, on remand, the veteran is awarded a 70% rating for his PTSD, the Board must consider whether he is unemployable due to his service-connected conditions under the provisions of 38 C.F.R. § 4.16(a), and whether he is unemployable solely due to his PTSD under the provisions of 38 C.F.R. § 4.16(c).

Finally, the Board failed to provide an adequate statement of the reasons or bases for its conclusion that the veteran's entitlement to SSDI benefits "is based on conditions for which service connection may not be in effect". *Jones*, BVA 90–38972, at 6. The SSDI benefits were awarded due to "anxiety related disorders". Supp.R. at 1. However, the Board provided no explanation for concluding that the referenced "anxiety related disorders" were distinct from the veteran's PTSD. A September 13, 1989, report of a special psychiatric evaluation by a board of psychiatrists, which VA specifically requested, stated: "The examiners felt that the veteran's obsessive compulsive disorder, which is an anxiety disorder, could best be subsumed under his PTSD, rather than considered a separate disorder. The obsessive compulsive disorder did not appear to begin until his service in Vietnam." R. at 89. At a minimum, the BVA was required to provide an explanation for its implicit rejection of that evidence. If the Board finds the record inadequate to determine whether the anxiety-related disorders referred to by the SSA are distinct from the veteran's PTSD, it should seek to obtain further information from the SSA pertaining to the determination of the veteran's disability for SSDI purposes. *See Masors*, 2 Vet.App. at 187–88 (BVA should seek to obtain SSA documents indicated in the record which are pertinent to the claim).

As the above analysis demonstrates, the Court finds numerous errors in the BVA decision. For that reason, the Court finds that the decision is not sufficiently well articulated to "permit effective judicial review" on the appellant's contention that the BVA also committed clear and reversible error in failing to award a rating higher than 50%. *Gilbert*, 1 Vet.App. at 57.

Upon consideration of the record, the Secretary's motion for partial summary affirmance and partial summary remand, and the appellant's brief and reply brief, the Court holds that the Board erred in failing to provide an adequate statement of the reasons or bases for its decision. The Secretary's motion for partial summary affirmance is denied, and the Court vacates the November 1, 1990, BVA decision and remands the matter for prompt readjudication, in accordance with this decision, on the basis of all evidence and material of record and applicable provisions of law and regulation, and issuance of a new decision supported by an adequate statement of reasons or bases. *See* 38 U.S.C. § 7104(a), (d)(1); *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). On remand, the appellant will be free to submit additional evidence and argument. The Court further holds that summary disposition is appropriate because the case is one "of relative simplicity" and the outcome is controlled by the Court's precedents and is "not reasonably debatable". *Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990). The Court retains jurisdiction. The Secretary shall file with the Clerk and serve upon the appellant a copy of any Board final decision on remand. Within 14 days after such filing, the appellant shall notify the Clerk whether he desires to seek further review by the Court.

VACATED AND REMANDED.