**Clyde R. SNOW, Jr., Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–432.

United States Court of Veterans Appeals.

Submitted Feb. 7, 1991.

Decided Aug. 12, 1991.

As Amended Aug. 26, 1991.

Hugh D. Cox, Greenville, N.C., was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Stephen A. Bergquist, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and KRAMER and HOLDAWAY, Associate Judges.

HOLDAWAY, Associate Judge:

This case concerns an appeal of a February 1, 1990, Board of Veterans' Appeals (BVA or Board) decision that denied appellant an increased evaluation (from 70–percent to 100–percent) for post-traumatic stress disorder (PTSD). We remand the case for consideration of appellant's claim for unemployability under 38 C.F.R. § 4.16(c) (1990).

Appellant was granted a 50–percent disability rating for service-connected PTSD by a Department of Veterans Affairs (VA) Regional Office (RO) on March 30, 1988. On April 8, 1988, appellant filed an Application for Increased Compensation Based on Unemployability. The original rating was confirmed on June 28, 1988, because the evidence submitted was duplicative, and again confirmed on July 20, 1988, after evidence relating to a hospitalization in 1986 was received because "more current reports supersede this statement."

Appellant then submitted an August 1988 report from a VA doctor which stated that he had "completed a 45–day inpatient treatment program for [PTSD from July 11, 1988, to August 23, 1988,] ... [and] he will need to continue in treatment for quite some time and is considered unemployable." On the discharge summary from that hospitalization, another VA doctor stated: "The patient is unemployable at the present time...." Another rating decision was issued which granted appellant a temporary 100–percent rating for the time he was an inpatient (*See* 38 C.F.R. § 4.29 (1990) (total disability rating will be assigned when it is established that a service-connected disability has required hospital treatment of at least 21 days)) with a continuation of the 50–percent rating after discharge.

Appellant submitted another (private) doctor's statement and hospital records from an involuntary hospitalization in June 1988. This private doctor examined appellant again on November 10, 1988. Appellant's diagnosis at that time was "post traumatic stress disorder, severe, chronic." The doctor stated that "[appellant was believed] to be totally [and] permanently disabled; there [wa]s considerable impairment to any gainful employment." The 50–percent rating for PTSD was again confirmed on December 6, 1988. A Notice of Disagreement was filed on February 9, 1989. Appellant submitted a VA Form 1–9 stating "I am unable to work...." On June 6, 1989, a formal hearing was conducted before a hearing officer. Appellant testified that he had attempted to go back to his former employment on two occasions and had been prevented from returning by the symptoms of his PTSD. Appellant's wife also testified that her husband had been unable to return to work. On June 6, 1989, the hearing officer issued a decision awarding a 70–percent rating for appellant's PTSD stating that the evidence considered "support[s] a conclusion that the veteran has severe impairment in establishing and maintaining effective or favorable relationships with people."

A rating decision by the RO was issued on August 3, 1989, which confirmed the 70–percent rating and noted that "[s]ince the veteran believed he was unemployable due to his [service-connected] nervous condition, this decision only partially grants the benefit sought on appeal...." A supplemental SOC was issued which stated the issue still remaining as "[a] total evaluation due to the severity of the veteran's service-connected nervous condition."

An informal hearing before the BVA was held on December 4, 1989, in which a Disabled American Veteran's (DAV) service officer representing appellant repeated appellant's contention that appellant was "totally unemployable...."

On February 1, 1990, the BVA issued its decision denying "an increased evaluation for [PTSD]...." The Board stated in the Evidence section that the appellant was considered "unemployable" and "totally and permanently disabled with considerable impairment pertaining to any gainful employment." In the Discussion and Evaluation section, the Board stated:

> The evidence of record shows that the veteran continues to require regular treatment for post-traumatic stress disorder symptoms. Despite his ongoing dif-

ficulties with impulse control and avoidance of social situations he, nevertheless, has displayed the ability to be a supportive group member in a treatment program, and he has the ability to verbalize sufficiently. In essence, the evidence in its entirety does not show that the overall psychoneurotic manifestations border on gross repudiation of reality with disturbed thought which reflect a 100 percent impairment.

The Board went on to find that "[t]he veteran's post-traumatic stress disorder ... is not productive of more than severe impairment in his ability to obtain or retain employment ... The schedular criteria for an evaluation in excess of 70 percent for [PTSD] have not been met." No mention or discussion of 38 C.F.R. § 4.16(c) appears in the BVA decision.

38 C.F.R. § 4.16(c) states:

[I]n cases in which the only compensable service-connected disability is a mental disorder assigned a 70 percent evaluation, and such mental disorder precludes a veteran from securing or following a substantially gainful occupation ... the mental disorder shall be assigned a 100 percent schedular evaluation under the appropriate diagnostic code.

This regulation became effective March 1, 1989, which was after appellant filed his appeal but before the BVA rendered its decision. When "the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant ... appl[ies] unless Congress provided otherwise or permitted the Secretary of Veterans Affairs (Secretary) to do otherwise and the Secretary did so." *Karnas v. Derwinski*, 1 Vet.App. 308, 313 (1991). *Karnas* specifically addressed 38 C.F.R. § 4.16(c) in a comparable factual situation. Similarly, we hold that § 4.16(c) applies in this case.

At every stage of this appeal, appellant has clearly raised the issue of unemployability. On his Application for Increased Compensation Based on Unemployability, he stated "[appellant's last employer] would not put me back to work due to [my]

service connected disability." In the VA Form 1–9 dated March 2, 1989, appellant stated: "I believe that my condition for [PTSD] warrants a rating of at least 100 percent due to my symptoms. I am unable to work...." The DAV service officer who appeared before the Board on December 4, 1989, stated that: "[T]he claimant is currently totally unemployable...." The BVA itself acknowledges this in the Contentions section of their decision: "The veteran asserts, in substance, that a 100 percent schedular disability evaluation is in order." In the Evidence section of the decision, the BVA notes three times that the veteran was considered unemployable by his doctors.

Despite having the issue before it, the BVA failed to consider appellant's claim under 38 C.F.R. § 4.16(c). "Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974). Accordingly, we REMAND this case to the BVA for consideration of appellant's claim for unemployability under 38 C.F.R. § 4.16(c).