**Mark BELIN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–625.

United States Court of Veterans Appeals.

March 6, 1992.

Before STEINBERG, Associate Judge.

ORDER

Appellant seeks an increased rating for his service-connected right-leg disability, resulting from a combat shell-fragment wound, currently rated as 10% disabling. On November 12, 1991, in response to appellant's brief, the Secretary of Veterans Affairs (Secretary) filed a motion for remand and to stay proceedings. On February 26, 1992, appellant responded in opposition to the Secretary's motion.

In his motion for remand, the Secretary confesses that the Board of Veterans' Appeals (Board or BVA) erred by failing: to state adequate reasons or bases for its denial of the veteran's claim; to discuss certain applicable regulations, including the benefit-of-the-doubt doctrine; to explain its basis for implicitly rejecting, without discussion, statements provided by the veteran, as well as medical evidence provided by the veteran to support his claim; to require a more complete medical examination; to provide a medical basis for its own medical conclusions; and to consider the value of an independent medical opinion. The Court notes that appellant filed his Notice of Appeal (NOA) on July 12, 1990. Since then, the Secretary has moved for and been

granted two enlargements of time for filings (one such motion filed out of time), thereby occasioning delays totalling 51 days, and moved for a remand to the Board 16 months after the NOA was filed. It is further noted that, considering the appellant's contentions in the light most favorable to his position, the Court is unable at this point to find that the Board's denial of an increased rating is clearly erroneous, *see Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990) ("if there is a 'plausible' basis in the record for the findings of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them") and, therefore, a remand is in order at this point.

The Board found that the veteran's "deficit in leg strength is due to L4 radiculopathy and to the residuals of back surgery, rather than the stable shell fragment wound scar of the right thigh". However, the only evidence in the record relating to the causation of the veteran's current leg-strength deficit, an October 6, 1989, VA examination report, concluded: "Impression: residuals of SFW [shell-fragment wound] R. thigh". R. at 88. Moreover, April 1989 VA treatment reports indicate that the purpose of the veteran's back surgery was to relieve preexisting pain in the right leg. R. at 61. There is no evidence in the record that either surgery or L4 radiculopathy caused the veteran's leg-strength deficit.

On consideration of the foregoing, it is

ORDERED that the Secretary's finding regarding the cause of the leg-strength deficit is reversed as clearly erroneous. *See Gilbert*, 1 Vet.App. at 52–53. It is further

ORDERED that the Secretary's motion, which is incorporated herein by reference, is granted, and the record is remanded to the Board for expeditious readjudication, the Court retaining jurisdiction, for compliance with this order and the procedures described in that motion and for the Secretary to obtain an independent medical evaluation on the extent to which the veteran's leg-strength deficit is caused by his service-connected disability. In readjudication of appellant's claim for an increased rating, the requirement of 38 C.F.R. § 4.7 (1991) shall be considered and applied as appropriate (where "there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating"). It is further

ORDERED that the Secretary shall file with the Clerk of the Court and serve upon appellant a copy of the Board's final decision on readjudication. Not later than 14 days after such filing, appellant shall notify the Clerk whether he desires to seek further review by the Court. It is further

ORDERED that, not later than 90 days after the date of this order, the Secretary shall file with the Clerk of the Court a report on the status of the readjudication herein ordered.