Wiley B. TRIPP, Jr., Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91-89.

United States Court of Veterans Appeals.

Submitted April 20, 1992.

Decided Sept. 2, 1992.

Hugh D. Cox, Greenville, N.C., for appellant.

James A. Endicott, Jr., Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and

John D. McNamee, Washington, D.C., were on the pleadings, for appellee.

Before HOLDAWAY, IVERS, and STEINBERG, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant, Wiley B. Tripp, Jr., seeks an increased rating for post-traumatic stress disorder (PTSD), currently rated at 50%, and entitlement to a total rating based on unemployability. The Board of Veterans' Appeals (Board or BVA) denied appellant's claim, finding that his condition did not warrant an increased rating. The Board did not address appellant's unemployability claim. The Secretary of Veterans Affairs (Secretary) has filed a motion for summary affirmance on the issue of entitlement to an increased rating, and for a partial remand so that the BVA may consider the issue of unemployability. Because the BVA has failed to provide a sufficient explanation of the "reasons or bases" for its decision regarding the increased rating, the Court will remand the case to the BVA for a full readjudication and to provide adequate "reasons or bases" as required by 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). On remand the BVA must also consider appellant's claim of unemployability.

## I. FACTS

The appellant served in the Marine Corps from March 1967 to August 1970, with active duty in Vietnam. He is entitled to receive service-connected benefits for PTSD, and is currently rated as 50% disabled. On June 6, 1989, the appellant filed a claim for an increased rating before the Department of Veterans Affairs (formerly the Veterans' Administration) (VA) Regional Office (RO). He also claimed total disability, alleging that he is unemployable by virtue of his service-connected disabilities. The RO found against appellant on the unemployability issue and also denied appellant's claim for an increased rating for PTSD.

## II. ANALYSIS

The evidence of record before the BVA consisted of: VA outpatient treatment records (clinical notes) for PTSD from August 1988 to July 1989; records and correspondence pertinent to non-service-connected neck and back problems; a report of a VA psychiatric examination for compensation and pension (C & P) purposes conducted in December 1989; and a May 1989, statement of appellant's attending VA psychiatrist on a form completed for the Agent Orange Veteran Payment Program. The examiner for the C & P examination stated that appellant meets the full criteria for PTSD, and demonstrated multiple intrusive symptoms, avoidance, hyperarousal, and survivor guilt. The appellant was diagnosed with chronic PTSD, alcohol dependence with abstinence of unclear duration, mixed personality disorder, and chronic back pain. Neither the severity of the PTSD was noted, nor was there any indication in this evaluation of the effect of the PTSD on the veteran's social and industrial adaptability. On the other hand, appellant's psychiatrist, pursuant to the Agent Orange Program, answered a number of questions designed to solicit a medical opinion as to the extent of appellant's physical and mental limitations. The psychiatrist stated appellant was "severely disabled by severe anxiety, insomnia, startle, fighting in sleep, unable to concentrate." He considered appellant's physical impairment to be characterized as producing "Severe limitation of functional capacity; incapable of minimal (sedentary) activity. (75% to 100%) [as defined in the FEDERAL DICTIONARY OF OCCUPATIONAL TITLES. Citation omitted]." Under "mental/nervous" impairment, the psychiatrist noted that the appellant was "unable to tolerate even single social contact—basically housebound—cannot perform in even structured job setting." He was not able to trust or "get close" to others, and the physician checked off the highest category under mental impairment as indicative of appellant's condition: "Patient has significant loss of psychological, physiological, personal and social adjustment (severe limitations)." The evaluation made in the Agent Orange Pro-

gram were made by Dr. Kudler, the same individual who treated the veteran for PTSD. The clinical notes from Dr. Kudler in 1988 and 1989 are congruent with the May 1989 evaluation and contain the diagnosis of "PTSD, ... chronic severe."

■ The BVA failed to explain why the results of the C & P examination were given far greater weight than the results of the Agent Orange Program examination and the clinical notes. Dr. Kudler provided at least some evidence relating to appellant's ability to work, whereas the C & P examiner did not relate appellant's symptoms to industrial impairment at all. The BVA, relying totally on the C & P examination, noted appellant functioned well socially: "Speech was articulate and goal-directed. No psychotic thought content was noted. Behavior was polite, calm and appropriate." This behavior was exhibited, however, in a clinical setting and the BVA failed to provide any reasons why it found these assessments dispositive and why such behavior in a clinical setting would translate to adequate industrial adaptability in the workplace. Because the BVA failed to provide an adequate statement of "reasons or bases" for its decision that appellant was not entitled to an increased rating for PTSD based on evidence of industrial impairment, the case must be remanded. See Ferraro v. Derwinski, 1 Vet. App. 326 (1991); Collier v. Derwinski, 2 Vet.App. 247 (1992). We have considered reversing and directing the BVA to assign a 70% rating. However, we do not believe that the evidence is so clear and convincing that we would be justified in usurpation of the BVA's fact-finding authority. In truth, there is a paucity of evidence in this case on the critical issue of how the PTSD affects appellant's industrial adaptability. On remand, the BVA must order another physical examination, one that complies with 38 C.F.R. §§ 4.1, 4.10 (1991) (accurate and fully descriptive, with an emphasis upon the limitation of activity imposed by the disabling condition); see Green v. Derwinski, 1 Vet.App. 121, 124 (1991).

The BVA's failure to provide adequate "reasons or bases" for its decision is signif-

icant, given the requirement of 38 C.F.R. § 4.7 (1991). Cf. Ewing v. Derwinski, 2 Vet.App. 459 (1992). That provision states: "Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating...." If, upon readjudication of appellant's claim for an increased rating and "individual unemployability," the BVA finds that the evidence is evenly balanced between a 50% rating and a 70% rating, appellant should get the higher of the two ratings. 38 C.F.R. § 4.7 (1991). Cf. Belin v. Derwinski, 2 Vet.App. 271, 272 (1992) (order directing the Board upon remand for readjudication of claim for increased rating to consider and apply § 4.7 as appropriate). This Court has held that the BVA is not free to ignore VA regulations. Karnas v. Derwinski, 1 Vet. App. 308 (1991); Snow v. Derwinski, 1 Vet.App. 417 (1991).

■ The BVA also failed to consider appellant's claim that he was entitled to a total rating based upon unemployability, apparently because of a misinterpretation of 38 C.F.R. § 4.16 (1991). At the outset of the decision, the BVA stated that § 4.16 precluded it from considering unemployability because appellant's condition was a mental condition. In the Secretary's motion for summary affirmance and partial remand (Secretary's Motion), the Secretary states that the BVA has somehow confused the requirements of § 4.16(c) with the requirement for a 100% disability rating. Secretary's Motion at 5. The Secretary requests a remand for the BVA to consider the issue of unemployability.

Appellant raised the issue of unemployability. It is a well-grounded claim, especially when viewed in the light of the statements on the Agent Orange exam. The BVA, therefore, is required to consider and apply the relevant provisions of the regulations. Murincsak v. Derwinski, 2 Vet. App. 363 (1992). Under § 4.16, a veteran can be considered for a total rating, where the schedular rating is less than total, if certain conditions are met. Section 4.16(a) of title 38 of the Code of Federal Regula-

tions sets forth certain percentages that are required in order for a veteran to be entitled to a total rating for a service-connected disability if that disability precludes him or her from securing or following a substantially gainful occupation:

(a) Total disability ratings for compensation may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities: *Provided That,* if there is only one such disability, this disability shall be ratable at 60 percent or more, and that, if there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and sufficient additional disability to bring the combined rating to 70 percent or more....

38 C.F.R. § 4.16(a).

The provisions of § 4.16(a) are for application in cases of physical disability (or disabilities), or a physical disability in combination with a mental disability, which renders a veteran incapable of securing or following substantially gainful employment. In cases where a mental disability is the sole compensable service-connected disability which renders the veteran unable to secure or follow substantially gainful employment, § 4.16(c) applies. 38 C.F.R. § 4.16(c). In such a situation, if a mental disability is rated as 70% disabling, and a veteran is precluded from securing or following a substantially gainful occupation, then he or she will be entitled to a total rating. *See Swan v. Derwinski,* 1 Vet. App. 20 (1990).

Section 4.16(b) of title 38 of the Code of Federal Regulations provides for extra-schedular consideration of all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in paragraph (a). *See Moyer v. Derwinski,* 2 Vet.App. 289, 294 (1992). That section states:

(b) It is the established policy of the Department of Veterans Affairs that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Therefore, rating boards should submit to the Director, Compensation and Pension Service, for extra-schedular consideration all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in paragraph (a) of this section....

38 C.F.R. § 4.16(b).

The Secretary is correct in noting that the BVA should have considered whether appellant was entitled to a total rating based on unemployability under 38 C.F.R. § 4.16(b), or under § 4.16(c) if, upon readjudication, appellant is found to be entitled to a 70% rating for PTSD. *See Ferraro,* 1 Vet.App. at 331 (a 70% rating alone should trigger the consideration of 4.16(c)). In this connection it is noted that the appellant also apparently suffers from a non-service-connected back condition. That condition, if it contributes to the unemployability, must be discounted. Only service-connected disabilities may be considered in determining "extra-schedular" ratings for unemployability. The Court will, therefore, REMAND the issue of unemployability to the BVA for consideration in accordance with the Secretary's motion. The issue of entitlement to an increased rating is also REMANDED for readjudication, for a new examination, and for the BVA to provide adequate "reasons or bases," all consistent with this opinion. The motion of the Secretary for partial summary affirmance on that issue is DENIED.