**Karl P. PIOTROWSKI, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 94–833.**

United States Court of Veterans Appeals.

June 28, 1996.

Karl P. Piotrowski, pro se.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; and R. Randall Campbell, Deputy Assistant General Counsel, were on the brief for appellee.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

FARLEY, Judge, filed the opinion of the Court. STEINBERG, Judge, filed a concurring opinion.

FARLEY, Judge.

This is an appeal from a March 30, 1994, decision of the Board of Veterans' Appeals (BVA or Board) which held that the appellant was not entitled to educational assistance benefits under chapter 30 of title 38, U.S.Code. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will affirm the BVA decision.

## I.

The appellant served in the U.S. Army from June 1961 until July 1989. Record (R.) at 14. He filed an application for educational benefits in November 1989 in order to attend the Fahrni School of Real Estate in Aiea, Hawaii. R. at 19–20. Although the application the appellant submitted was on a form relating to chapter 34 educational benefits, a handwritten notation on the application stated that the appellant was "claiming chapter 30" benefits. R. at 19. In a letter to the appellant with an illegible date, the Muskogee, Oklahoma, regional office (RO) denied his claim, stating:

[The Fahrni School of Real Estate] is not approved for veterans benefits at the present time.

If the school ... has already applied for approval for this course, we will process your request as soon as we receive a Notice of Approval.

If the school ... has not applied for approval and wishes to do so, it may apply with the State Approving Agency shown below.

R. at 16. At the bottom of the letter, it was typewritten "STATE APPROVING AGENCY," and below that, "Hawaii." R. at 17.

In April 1990, the appellant requested "reconsideration" of this decision, stating that he had checked a box on his application indicating that he desired counseling but that none was provided, and that "[s]uch counseling would have informed me that not all Hawaii Real Estate Commission Accredited Schools are VA approved ..., an assumption I made in lieu of other information." R. at 24. He also stated that he had already paid his tuition and begun the course by the time he received the VA letter, and that "Real Estate Schools in Hawaii are closely controlled and accredited by the State R/E Commission [in accordance with] State law. Approval by the VA is redundant, administratively cumbersome, and would appear to be unnecessary." *Ibid.*

A counseling session was held in April 1990. R. at 35. In May 1990, the Muskogee RO sent another letter to the appellant stating that the Fahrni School was not approved for veterans' benefits purposes, and that "[t]hey must apply for approval. We can not pay benefits unless we have received a Notice of Approval for the school.... You are qualified for Chapter 30 benefits. The only problem is the approval of Fahrhi [sic] School of Real Estate." R. at 37. The appellant filed a Notice of Disagreement on May 24, 1990. R. at 39.

At an August 1990 hearing at the Honolulu RO, the appellant reiterated his statements that, when he filed his application, he was unaware that the Fahrni School was not approved for veterans' benefits purposes and that VA approval is redundant of Hawaii's accreditation process. R. at 49. He also stated:

After I found out [that] the school should have gone through some certification I talked to the people at the school.... [Mr. Fahrni] said, "The damn VA paper work is a pain in the butt".... He says, "Why should I go through [the VA certification process], the State certifies me".... "I'd started the course before I knew that I couldn't get paid by the VA. I'd just assumed that since it was a state certified school, that it was acceptable. But the real contention is, that I had already taken the State Board Exam, passed the State

Board Exam, and had been licensed by the State of Hawaii to practice as a salesman, so I see no reason why the VA can't make an exception at some level in the system to pay me this small amount...."

R. at 50. In June 1991, the BVA remanded the appellant's claim to the originating agency, instructing it to "document and place in the file a copy of the material it relied on in finding [that] the course of study at Fahrni School of Real Estate is not approved by the State approving agency" and to then issue an adequate Supplemental Statement of the Case (SSOC). R. at 76–77.

The Muskogee RO issued a SSOC in August 1991, apparently without complying with the first BVA instruction on remand (Supplemental (Suppl.) R. at 3–7), so the BVA remanded the claim again (Suppl.R. at 15). A July 16, 1992, "REPORT OF CONTACT" from a VA official at the Muskogee RO stated that he had called a VA official at the Honolulu RO requesting any written information from the Fahrni School regarding their approval for veterans' benefits purposes, and that the Honolulu official responded that none was found, but that he would check with the State approving agency. Suppl.R. at 31. The Honolulu official later replied, "Our [State approving agency] has not had any approval request from this school." Suppl.R. at 30.

In December 1992, the BVA remanded the appellant's claim a third time, stating that the RO had still not complied with the remand instructions, and stated:

> The Muskogee [RO] should obtain and incorporate into the veteran's Chapter 30 file folder documentation from the appropriate State approving agency indicating what schools are approved for pursuit of a license in real estate. If the VA is acting as the State approving agency in this instance ..., the [RO] should indicate that in its documentation.

Suppl.R. at 43. In a March 18, 1993, letter, the Coordinator of the Hawaii State Postsecondary Education Commission (SPEC) stated, "According to our records from 1987 to present, [the] Fahrni School of Real Estate is not a recognized or approved school for VA educational remuneration purposes. In addition, this office is not aware of any submis-

sion by Fahrni School of Real Estate for appropriate recognition by this office...." Suppl.R. at 47. The SPEC Coordinator also enclosed a list of schools approved for veterans' educational benefits as of February 1993, which did not include the Fahrni School. Suppl.R. at 48–51.

A BVA hearing was held in September 1993, and the appellant again stated that Hawaii has an accreditation system for real estate schools, suggesting that there is no need for VA to separately accredit schools for educational benefits purposes. R. at 106. In March 1994, the BVA found that the appellant's claim for reimbursement of his costs for attending the Fahrni School under chapter 30 was not well grounded. R. at 5. The Board stated:

> The veteran requests that the VA act as the approving agency in his case. However, the State of Hawaii has established an approving agency, and the type of training the veteran received did not fit into one of the categories of training for which the VA acts as an approving agency. The Board recognizes that the veteran had already paid his tuition before he received notice of the disallowance of his claim, but in view of the applicable law, no discretion is provided to the Board and the veteran's claim must be denied as not well-grounded because there is not a basis upon which to grant Chapter 30 benefits.

R. at 8. The appellant moved for reconsideration in July 1994 and submitted, inter alia, a copy of the Hawaii Real Estate Commission's certification of the Fahrni School (R. at 111–27), but the motion was denied in September 1994 (R. at 132). A timely appeal to this Court followed.

On August 22, 1995, the Secretary moved for leave to transmit a second supplemental record on appeal out of time. On October 3, 1995, the Secretary filed a motion for leave to withdraw the August 22, 1995, transmittal of the second record on appeal because it contained documents post-dating the March 1994 BVA decision. The Court will grant this motion. On October 6, 1995, the Court ordered the Secretary to file another supplemental record on appeal and to file a supplemental memorandum, and allowed the appel-

lant to file a response to that supplemental memorandum. The Court ordered the Secretary to submit another supplemental memorandum and allowed the appellant to respond thereto on January 19, 1996. All these documents have been received by the Court, and this case is now ripe for our review.

### II.

Section 3671 of title 38, U.S.Code, provides in pertinent part:

> (a) Unless otherwise established by the law of the State concerned, the chief executive of each State is requested to create or designate a State department or agency as the "State approving agency" for such State for the purposes of this chapter and chapters 34 and 35 of this title.

> (b)(1) If any State fails or declines to create or designate a State approving agency, or fails to enter into an agreement under section 3674(a), the provisions of this chapter which refer to the State approving agency shall, with respect to such state, be deemed to refer to the Secretary.

On June 21, 1976, Governor Ariyoshi of Hawaii designated the SPEC to act as the approving agency of Hawaii. *See* Second Suppl.R. at 61.

Section 3672(a) provides, in pertinent part:

> (a) An eligible person or veteran shall receive the benefits of this chapter and chapters 34 and 35 of this title while enrolled in a course of education offered by an educational institution only if (1) such course is approved as provided in this chapter and chapters 34 and 35 of this title by the State approving agency for the State where such educational institution is located, or by the Secretary.... Approval of courses by State approving agencies shall be in accordance with the provisions of this chapter and chapters 34 and 35 of this title and such other regulations and policies as the State approving agency may adopt.

Although § 3672(a) expressly states that it applies only to chapters 34, 35, and 36, 38 U.S.C. § 3034(a)(1) states: "Except as otherwise provided in this chapter, ... the provi-

sions of subchapters I and II of chapter 36 of this title ... shall be applicable to the provision of educational assistance under this chapter."

■ The Secretary has exclusive authority to approve certain specifically enumerated courses of education, regardless of whether an approving agency exists in the relevant state. *See, e.g.,* 38 U.S.C. § 3672(b) (Secretary is responsible for approval of courses offered by "any agency of the Federal Government authorized under other laws to supervise such education"); 38 U.S.C. § 3672(c) (for "programs of apprenticeship" where standards have been approved by the Secretary of Labor as national apprenticeship programs for operation in more than one state, and training establishments are directly engaged in interstate commerce and provide such training in multiple states). However, it is unclear from the above statutes whether VA can approve *any* course of education in a state which has an approving agency. While § 3671(b)(1) specifically provides that the term "State approving agency" will be deemed to refer to the Secretary for those states that do not have approving agencies, § 3672(a) provides that courses of education can be approved "by the State approving agency for the State where such educational institution is located, *or by the Secretary* ...." (Emphasis added.) Under a "plain meaning" analysis, § 3672(a) appears to grant plenary approval authority to the Secretary, such that the Secretary could approve courses irrespective of whether there is an approving agency for the state. This conclusion is strengthened by the second sentence of § 3672(b) which provides: "The Secretary may approve any course in any other educational institution in accordance with the provisions of this chapter and chapters 34 and 35 of this title." However, if § 3672(a) was intended to be a grant of plenary authority, there would have been no need to have explicitly mentioned in § 3671(b)(1) that the Secretary has the power to approve courses of education where a state has not named an approving agency.

The Secretary's regulations similarly are less than conclusive. Section 21.4250(b)(3) of title 38, C.F.R., is entitled "*Failure to act,*"

and provides: "If notice has been furnished that the State approving agency does not intend to act on the application of a school, the school may request approval by the [VA]." 38 C.F.R. § 21.4250(b)(3) (1995). As with the above statutes, this regulation can be read as providing VA approval authority even if an approving agency exists in the particular state involved. *See also* 38 C.F.R. § 21.4152(a), (b)(5) (1995) (no agency or officer of the United States will exercise any control over any State approving agency, but VA retains authority to "approve schools or courses notwithstanding lack of State approval"); 38 C.F.R. § 21.4250(c)(2)(iv) (1995) (the Director of the Vocational Rehabilitation and Education Service may approve "any course in any other school in accordance with the provisions of 38 U.S.C. Chapter 36").

The Secretary and the concurring opinion would read a limitation into the otherwise unlimited language of § 3672(a). The Secretary argues that since the "State of Hawaii has already designated a State approving agency for course approval purposes, ... there was no basis in law or logic for VA to step in." Secretary's First Supplemental Memorandum at 1. He construes § 3671(b)(1) as authorizing VA "to step in *only* where 'any State fails or declines to create or designate a State approving agency ...,'" *ibid.* (quoting § 3671(b)(1)) (emphasis added), or for those types of courses of education that the statutes provide him with exclusive approval authority over. The Court notes that while the word "only" appears in the Secretary's memorandum, it does not appear in the statute itself.

However, there is no need for the Court to resolve this question of how to interpret the statutes and regulations. Whether or not the Secretary has plenary authority to approve courses of education, the statutory scheme requires that the educational institution which is providing the course be approved. 38 U.S.C. § 3672(a). Chapter 36 breaks down the types of courses into two classifications, accredited courses and nonaccredited courses. The two statutes that deal with approval of each type of course both require that the educational institution apply for approval. 38 U.S.C. § 3675(a)(3)(A) ("An

educational institution shall submit an application for approval of courses to the appropriate State approving agency."); 38 U.S.C. § 3676(a) ("No course of education which has not been approved by a State approving agency pursuant to section 3675 of this title ... shall be approved for the purposes of this chapter unless the educational institution offering such course submits to the appropriate State approving agency a written application for approval of such course...."). It is also noteworthy and, in this matter, determinative that the statutes require the educational institution to submit the application for approval, as opposed to a veteran or other eligible person.

It is a matter of record, and the parties do not contest, that the Fahrni School of Real Estate has not applied to either Hawaii's approving agency, the SPEC, or directly to VA for approval of its real estate course(s). Since an application from the educational institution is a necessary prerequisite for approval under §§ 3675 and 3676, the Fahrni School of Real Estate cannot have been approved for chapter 30 purposes. Therefore, the appellant is not eligible for chapter 30 benefits with regard· to the course of education which he pursued and completed.

■ The appellant makes a number of arguments which are, in essence, a request for equitable relief. For example, he argues that the process that the SPEC goes through in approving chapter 30 claims "is the height of bureaucratic machination ... that in this case has resulted in the VA denying a $242.00 claim that sound business practices would dictate [should] have been settled long ago." Appellant's Informal Brief (Br.) at 3. He also requests that the Court award him "$5,000 as compensation for the time, effort, and expenses [he has] put forth in pursuing justice in this matter." Appellant's Informal Br. at 7. However, as a court of law, we are compelled to render a decision which is consistent with Congressional enactments as we interpret them, and cannot award damages. *See Mason v. Brown*, 8 Vet.App. 44, 59 (1995). Thus, even assuming that the Court believed that it would be equitable for the appellant to recover the cost of his course of education and/or any additional sum, we

would be powerless to award any such recovery.

### III.

For the foregoing reasons, the Court grants the Secretary's motion to withdraw its August 22, 1995, submission of the second supplemental record on appeal, and AFFIRMS the March 30, 1994, BVA decision.

STEINBERG, Judge, concurring:

I concur in the majority's decision to affirm the BVA decision, and I agree that sections 3675 and 3676 of title 38, U.S.Code, require that a course be approved before Department of Veterans Affairs (VA) educational assistance benefits may be paid. However, I disagree with the majority's conclusion that the statutory and regulatory provisions involved are so confusing that the extent of the Secretary's authority to approve courses is unclear.[1] Although the statutory and regulatory drafting could be more exact, perfection is not required. *Cf. Jones v. Brown,* 41 F.3d 634, 639 (Fed.Cir.1994) ("Congress need not enact a dictionary each time it passes a law"). I believe that a proper contextual reading of the statutory and regulatory scheme shows that the Secretary does ***not*** have an unlimited grant of authority to approve courses.

The majority states that under a "plain meaning" analysis, the words "or by the Secretary" in section 3672(a) "appear[ ] to grant plenary approval authority to the Secretary, such that the Secretary could approve classes irrespective of whether there is an approving agency for the state." *Ante* at 219. The majority notes that there are express statutory limitations on the Secretary's approval power in sections 3671 and 3672, and that these limitations conflict with an interpretation that the words "by the Secretary" are an unlimited grant of power to approve courses, but the majority suggests, nonetheless, that this interpretation is the "plain meaning". *Ibid.*

I do not believe that the language "or by the Secretary", when taken in context, can reasonably be interpreted to mean that the Secretary can approve just any course that is not approved by a State approving agency. "It [is] fundamental that a section of a statute should not be read in isolation from the context of the whole act, and that in fulfilling our responsibility in interpreting legislation, 'we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law, and to its object and policy.'" *Richards v. United States,* 369 U.S. 1, 11, 82 S.Ct. 585, 592, 7 L.Ed.2d 492 (1962). "'[T]he meaning of statutory language, plain or not, depends on context.'". *Brown v. Gardner,* —— U.S. ——, ——, 115 S.Ct. 552, 555, 130 L.Ed.2d 462 (1994) (quoting *King v. St. Vincent's Hosp.,* 502 U.S. 215, 220–21 n. 9, 112 S.Ct. 570, 573–74 n. 9, 116 L.Ed.2d 578 (1991)); *see also Talley v. Derwinski,* 2 Vet.App. 282, 286 (1992) ("'[E]ach part or section [of a statute] should be construed in connection with every other part or section so as to produce a harmonious whole.'") (quoting 2A N. Singer, *Sutherland on Statutory Construction* § 46.05 (4th ed. 1984)). Thus, the Court should consider the "plain meaning" of ***all*** of the words of the relevant statutes and regulations, and consider that meaning in context.

Sections 3671 and 3672, read together, compel the conclusion that course approval by the Secretary must be in accordance with the provisions of chapters 34, 35, and 36. There are two general situations in which the Secretary is expressly authorized by law to approve courses, and these are set forth in sections 3671 and 3672(a),(c) (Secretary acting as a state approving agency (SAA)) and section 3672(b) (Secretary approving courses offered by federal agencies). In the latter situation, section 3672(b) restricts the Secretary's express approval authority by providing that when the Secretary is approving courses offered by federal agencies, he is

---

1. I have not been hesitant to express the view that confusing and ambiguous regulatory provisions should be reformed, *see Zang v. Brown,* 8 Vet.App. 246, 252 (1995); *id.* at 255 (Steinberg, J., separate views); *see also, e.g., Shipwash v. Brown,* 8 Vet.App. 218, 224–25 (1995); *Talley v.* *Derwinski,* 2 Vet.App. 282, 285–86 (1992); *Hatlestad v. Derwinski,* 1 Vet.App. 164, 167 (1991), and to find ambiguity in statutory provisions when it plainly exists, *see In Re Fee Agreement of Smith,* 1 Vet.App. 492, 505–07 (1991) (Steinberg, J., concurring).

bound by "other laws to supervise such education".

As to the former situation, section 3671(b)(2) provides that when there is no State approving agency the Secretary is deemed to be the approving agency and that "the provisions of this chapter which refer to a State approving agency shall be deemed to refer to the Secretary". Immediately thereafter in the statute, the section 3672(a) sentence following the sentence referring to approval "by the Secretary" refers back to section 3671(b)(2) when it states that approval of courses by SAAs "shall be in accordance with the provisions of this chapter and chapters 34 and 35 of this title and such other regulations and policies as the State approving agency may adopt." Furthermore, section 3672(b) provides in the second sentence that the Secretary "may approve any course in any other educational institution in accordance with the provisions of this chapter and chapters 34 and 35 of this title." This sentence is logically read as the implementing language for the "by the Secretary" reference in section 3672(a). (The word "other" is apparently used to distinguish educational institutions in general from a federal agency acting as an educational institution, the latter of which is dealt with in the first sentence of section 3672(b).)

The majority gives insufficient weight to its observation that its interpretation as to "plain meaning" would render part of the law nugatory. If, by virtue of the four words in section 3672(a), the Secretary had unlimited powers to approve courses, then it would seem superfluous to provide in section 3672(b) that he has to act in accordance with the rest of chapter 36 and with chapters 34 and 35. Furthermore, it would also seem incongruous for the statute to state that the provisions applying to SAAs also apply to the Secretary or that the Secretary is bound by certain other laws when he is approving courses offered by other federal agencies, because the Secretary would not have to follow such directives if he had an unlimited section 3672(a) power to approve just any course.

To sum up, the words "or by the Secretary" in the first sentence of section 3672(a)

apply only to the two situations where an SAA does not govern—(1) where the Secretary acts as an SAA (either because the state does not set one up (or enter into an agreement with VA) or as to apprenticeship training under section 3672(c)), and (2) where he is responsible for approving courses offered by an agency of the federal government—and separate statutory provisions specifically limit the Secretary's powers in each of these situations.

The majority also finds that the implementing regulations "are less than conclusive" and that 38 C.F.R. § 21.4250(b)(3) (1995) supports the interpretation that the Secretary has plenary authority to approve courses "even if an approving agency exists in the particular state involved." *Ante* at 219. However, I believe this regulation leads to just the opposite conclusion. First, the regulation allows VA to approve courses only in the narrow circumstance where an SAA has received an application and has furnished notice that it "does not intend to act on the application". This provision would apply only when an SAA refused to grant or deny an application, and thus serves as a means of mitigation in cases where SAAs fail to carry out their duties. Second, § 21.4250(c) sets out the ways in which VA may act to approve courses, and the general provision in paragraph (c)(2)(iv) provides expressly that approval must be "in accordance with the provisions of 38 U.S.C. Chapter 36".

As to 38 C.F.R. § 21.4152(b)(5) (1995), it should be noted that paragraph (b) does not in itself grant any authority to the Secretary, but merely states that § 21.4152(a) does not restrict any authority "conferred on VA", meaning *otherwise* provided to the Secretary. There is a provision regarding approval power in § 21.4251(c)(iv), but it is expressly limited by the requirement that approval be "in accordance with the provisions of" chapter 36.

Accordingly, if there is much room for doubt in the statutory language—and I do not find it—the regulations remove it. The Secretary neither was granted by the Congress nor claims in his regulations an unrestricted course-approval authority.

For the above reasons, I concur in the result reached by the majority, but do not agree with its conclusion that the statutory and regulatory scheme could reasonably be interpreted to provide the Secretary with unrestricted course-approval authority.